In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property Required for West Side Urban Renewal, Bounded by West 97th Street and Other Streets in the Borough of Manhattan. FREEMAN ESTATES, INC., et al., Respondents-Appellants; FIRST NATIONAL STORES, INC., et al., Respondents.

First Department, March 23, 1967.

244

*Irving Genn* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellant-respondent.

*Robert L. Boehm* of counsel (*Emanuel Tacker,* attorney), for Bayside Trading Co., respondent-appellant.

*Emanuel Tacker* for Rose C. Charnak, respondent-appellant.

*Edward F. McShane* of counsel (*Bernard L. Bermant* with him on the brief; *Skinner & Bermant, Leddy & Raber,* attorneys), for Freeman Estates Inc., respondent-appellant.

*Samuel Goldstein* of counsel (*M. Robert Goldstein* with him on the brief; *Samuel Goldstein & Sons,* attorneys), for Executive Apartments, Inc., respondent-appellant.

*Nathan L. Goldstein* of counsel (*Harry T. Dolan* with him on the brief; *Nathan L.* and *Joseph Z. Goldstein,* attorneys), for Irwin J. Novograd, respondent-appellant.

*Herman Horowitz* of counsel (*Robert J. Randell* with him on the brief), for J. I. and M. B. Realty Corp., respondent.

*Per Curiam.* The city appeals from five awards in condemnation; the owners of three parcels and the second mortgagee of a fourth cross appeal. The vesting date was January 31, 1963, and affected property acquired for the West Side Urban Renewal Project bounded by West 97th Street, Central Park West, West 87th Street and Amsterdam Avenue, Manhattan.

We find no error in the determinations in regard to parcels 9 and 249 as to which the city and the owners appeal, and as to parcel 87 as to which the city and the claimant second mortgagee appeal and the decrees insofar as these parcels are concerned are affirmed. The remaining two parcels will be discussed below.

### DAMAGE PARCEL 114

The city appeals as to the fee award for Damage Parcel 114. The fee owner has appealed from that part of the decree ordering that a leasehold award of $28,375 be carved out of the fee award of $120,000 and paid to the leasehold claimant.

Damage Parcel 114 was improved with a five-story old-law tenement, built about 1885, on a plot 50 feet by 72.71 feet. It contained 67 units with 73 rooms.

The building has had a checkered career. Previously classified as a rooming house, it was decontrolled by means of an " opinion letter " of the Temporary State Housing Rent Commission on June 18, 1952. The decontrol resulted from a finding by the Rent Commission that the establishment was a hotel, such finding being based upon the " accuracy of the statement of facts " submitted by the operator. Prior to decontrol, on February 5, 1952, the lease affecting the premises was modified and extended to October 31, 1966 at an annual rental of $6,000. The rent roll prior to the date these proceedings were instituted was $50,021 a year.

On November 8, 1962, the status of these premises, along with 28 similar properties, was reopened. After hearing and inspection, the rent control authorities found that the building was not a hotel but was in fact a rooming house operation.

Accordingly, the District Rent Rehabilitation Director made an order, dated *January 30, 1963,* that all housing units in the establishment were controlled housing accommodations and reduced the rents to some $19,000 per year. *Title vested January 31, 1963.*

The claimant's appraiser valued the property on the basis of a decontrolled rent roll of $50,021, and arrived at a value of land $34,000, building $91,000, total $125,000. The city valued the property at land $31,500, building $18,500, total $50,000. The award was land $32,175, building $87,825, total $120,000.

The city urges that the trial court erred in following claimant's appraisal, based on an uncontrolled hotel rent of what was in fact a rent controlled rooming house. The Special Term did in fact state that regardless of the good faith of the city agencies involved, it was unfair to an owner to have a vesting date fixed and then have another city agency control the apartments and roll back the rents as of the day preceding that vesting date. In the circumstances he concluded that he would not be bound by the order of the Rent Commission.

The award appears to be excessive and we are unable on the present record to fix a fair and reasonable value for the parcel as of the time of taking. Although it was proposed on the trial that there be an investigation of the circumstances surrounding the vesting date, of the initiation of the decontrol proceeding, and of the knowledge of these proceedings among the various city agencies, the matter was not pursued further. In the circumstances, a new trial will be directed as to Damage Parcel 114 so that further proof may be presented bearing upon the value of the parcel, and including a full development of the facts surrounding the decontrol and recontrol of the premises, of the rentals received thereunder, of the condition of the premises, of the " odd coincidence " that the order of the Rent Commission controlling the housing units preceded the vesting date by one day and of the propriety of such order. Evidence of controlled rentals being relevant and material, must be considered on the issue of value or damage. (*Matter of City of N. Y.* [*Washington Sq. Southeast Slum Clearance Project*], 5 A D 2d 821.)

Accordingly, the award for Damage Parcel 114 should be reversed, and the matter remanded for a new trial.

### DAMAGE PARCEL 206

Damage Parcel 206 was a 16 feet by 100 feet lot located at 109 West 87th Street. It was improved with a four-story and basement building, formerly used as dwelling house and con-

verted to a funeral parlor in 1927. The claimant purchased the property for $38,500 in July, 1959. At vesting, it was rented to a funeral director at an annual rental of $4,800.

The claimant's appraiser valued this building solely as a specialty on the basis of reproduction cost less depreciation and hence presented no economic appraisal of the property. The city considered its economic value as income property and valued it by capitalization of estimated net income.

We believe that the court below was in error in valuing this property as a specialty. The converted building was reconvertible to the old use, or to a new use capable of yielding rental income. (*Matter of City of N. Y.* [*Madison Houses*], 17 A D 2d 317 [1962]; *Matter of City of N. Y.* [*Manhattan Corp.*], 19 A D 2d 239 [1963].) The building was not truly unique. It was conceded by the claimant's experts that the building could be used for other purposes, namely, as a church, synagogue, clubhouse or meeting place. Moreover, the circumstance that the building was in fact under lease on the date of vesting is further indication that it was not a specialty. (*Matter of City of N. Y.* [*De Nigris Realty*], 20 A D 2d 42.) In the circumstances, the proper test to be applied to this building is economic value.

The claimant failed to adduce proof as to economic value. It relied strictly on the theory that the building was a specialty and appraised the parcel at $88,480. It urges that its purchase of the property for $38,500 in 1959, some four years prior to the award of $75,000, was not an open market transaction. Such purchase, and its lease of the property, claimant contends, were at depressed prices because of the imminence of condemnation. But if a cloud of uncertainty did hang over this area because it was to undergo urban renewal, the claimant, not in the funeral business, but a real estate firm, saw fit despite this pall and with knowledge of the conditions affecting the property, to pay $38,500 for this building.

Since we have concluded that the building was not a specialty, Special Term's award of $75,000 cannot be justified. We are not constrained, nevertheless, to direct a new trial at which the claimant might supply proof of economic value. While a new trial was directed in *Matter of City of N. Y.* (*Manhattan Corp.*) (*supra*) to afford the claimant an opportunity to remedy its omissions in the proof since that case was tried before *Matter of City of N. Y.* (*Madison Houses*) (*supra*) and *Matter of City of N. Y.* (*Maxwell*) (15 A D 2d 153) the trial herein was had one and two years after this court's decisions in the *Madison Houses* and *Maxwell* appeals. Consequently, the

reasons given to justify the remand for additional proof in the *Manhattan Corp.* case (*supra*) are not present in the subject proceeding. The appellant saw fit to rely solely on an incorrect theory of appraisal. It did so at its own risk. Accordingly, this court will fix value herein solely on the basis of the acceptable proof in the record. We note, nevertheless, that the city's expert committed error in his economic appraisal of the property. The rent reserved in the lease was a net of $4,800 and not a gross of that amount, as the expert assumed. In the circumstances, using $4,800 and the city's appraiser's capitalization rates, we find a value of $54,712 for Damage Parcel 206, including fixtures, and the award is reduced to said sum.

Accordingly, the awards for Damage Parcels 9, 87 and 249 should be affirmed, with costs to claimants-appellants; so much of the decree determining the value of the fee and leasehold of Damage Parcel 114 should be reversed on the law and the facts, the award vacated and the matter remanded for a new trial, without costs to either party; and the award for Damage Parcel 206 should be modified, on the law and the facts, by reducing it from $75,000 to $54,712, including fixtures, with costs to city appellant. Settle order on notice.

STEVENS, J. P., EAGER, CAPOZZOLI, TILZER and STALEY, JR., JJ., concur.

Awards for Damage Parcels 9, 87 and 249 unanimously affirmed, with costs and disbursements to claimants-appellants; so much of the decree determining the value of the fee and leasehold of Damage Parcel 114 unanimously reversed on the law and the facts, the award vacated and the matter remanded for a new trial, without costs or disbursements to either party; and the award for Damage Parcel 206 unanimously modified, on the law and the facts, by reducing it from $75,000 to $54,712, including fixtures, with costs and disbursements to appellant city. Settle order on notice.