■ CHILOWAY CHARCOAL, INC., Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 45909.) — *Per Curiam.* Cross appeals from a judgment in favor of claimant, entered August 29, 1967, upon a decision of the Court of Claims. Prior to the appropriations which underlie this appeal, claimant was the owner of 9.555 acres of land which were improved with a complex of buildings and facilities utilized by claimant for the commercial production of charcoal. Specifically located thereupon were numerous buildings, ovens, kilns, hot and cold coolers, retorts, trackage and steel transportation cars called "buggies". The plant had been constructed circa 1900 and originally had been used for the production of such chemicals as methanol, wood alcohol, acetone, acetic acid and additionally charcoal. Gradually this facility became obsolete for the manufacture of these chemicals and at some time during the early 1920's charcoal, which originally had been produced and regarded as merely a by-product, became the plant's principal product. The plant continued to produce charcoal until 1959 when its operations ceased altogether. Inactive for approximately one and a half years

thereafter, the plant was purchased by claimant in March, 1960 for the sum of $45,000, concededly its salvage value. Thereafter claimant made a number of substantial improvements and repairs to the premises and introduced several new processes and innovations and once again charcoal production was resumed. At the time of the taking the claimant's plant was capable of producing at a capacity of 17 to 20 tons of charcoal per day. The trial court found the plant to be the only one of its kind in the State of New York and further the only one capable of producing charcoal in large sizes which is in demand for industrial use and which commands a premium price. The location of the plant was regarded by the court as being "signally favorable" to the operation of a plant for the manufacture of charcoal because of its close proximity to an abundant supply of wood, ample supply of water and its access to transportation routes and market centers. The State appropriated claimant's entire plant and all but .8 acre of its land for highway purposes. The stipulated date of taking was October 4, 1965. The expert witnesses produced by both the claimant and the State offered widely divergent views as to the value of the subject property. Claimant's appraisers, employing the reproduction cost less depreciation method of valuation, valued the buildings, improvements and equipment at $469,500, to which was added a land value of $140,500, making a total before value of $610,000. The property's after value was set at $3,200 with resulting damages in the amount of $606,800. The State's expert witnesses testified to the following appraisal figures: a before value of $85,000, an after value of $800 and total damages in the amount of $84,200. The trial court concluded that the highest and best use of claimant's property on the taking date was for its continued use as a plant for the production of charcoal. Although it found that the subject property was unique and constituted a specialty, it rejected the reproduction cost approach as a proper method for determining value since it did not find that "claimant's plant could reasonably be expected to be reproduced *as it existed at the time of the appropriation*, or that other essential requirements were present to justify the use of such method, e.g., that reproduction at the cost required therefor would represent a reasonable commercial investment." (Emphasis supplied by the trial court.) Rejecting generally the appraisers' opinions of value, the court proceeded to arrive at what it termed an "independent" determination of the subject property's value, finding a before value of $158,645, an after value of $1,000 and total damages in the amount of $157,645. Cross appeals from the judgment entered upon the court's decision were filed. However, in its brief, the State has withdrawn its cross appeal and now seeks only an affirmance of the judgment appealed from. The principal error which claimant contends the trial court made in its determination is its rejection of the reproduction cost less depreciation method of valuation. This method is the recognized approach to valuing property which is properly classified as a specialty. However, in order for this method to have validity as evidence of value, it should be shown that the property would reasonably be expected to be reproduced (*Matter of Port Auth. Trans-Hudson Corp.*, 27 A D 2d 32, mod. 20 N Y 2d 457; *Matter of City of New York [Coogan]*, 26 A D 2d 372, mod. 20 N Y 2d 618; *Matter of City of New York [Maxwell]*, 15 A D 2d 153, affd. 12 N Y 2d 1086). Due consideration of the available evidence supports the trial court's conclusion that this requirement was not met, thereby warranting its rejection of the reproduction cost method as an accurate and legitimate approach to valuing the subject property. Constructed some 70 years ago and purchased only five years prior to the appropriations for its scrap or salvage value, claimant's plant, even after the

expensive and rather extensive renovations which were required to adapt it to claimant's purposes, was still, for all practical purposes, an antiquated facility. Claimant's rejuvenation of that facility and its successful resumption of charcoal production at that site was commendable and, in many respects, a remarkable feat. However, reconstruction of that facility, as it existed on the taking date, could not reasonably be expected. The award made by the trial court is adequately supported by the record and represents, in our opinion, a fair assessment of the subject property's value and the damages incurred by reason of the appropriations. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum Per Curiam.