■ MICHAEL J. CAPECE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 52608.) — Appeal from a judgment in favor of claimant, entered November 22, 1972, upon a decision of the Court of Claims. The major issue in dispute upon this appeal is whether the record contains sufficient evidence to sustain the trial court's finding that the subject property was a specialty, justifying the use of the reproduction cost less depreciation method of evaluation. Prior to an appropriation by the State, claimant owned a parcel of land in the Village of Waverly on which was located a two-story brick building with basement used for the manufacturing and packaging of commercial soaps and detergents. The taking included .317 acre of land and the building and all improvements thereon. The 70-year old building had been acquired by claimant in 1958. To adapt it to his purposes, claimant added a metal loading shed; installed four galvanized iron silos alongside the building, each with a screw conveyer to the top floor; placed weigh hoppers in the top floor from which raw materials were fed through chute openings in the floor to mixers installed on the floor below; reinforced the top floor with steel girders; equipped the basement with explosive proof lights, motors and switches; and installed heavy duty electricity to run the several mixers. Claimant's appraiser treated the building as a specialty and based his valuation solely on reproduction cost less depreciation. While the State's appraiser based his value of the building on the market data approach, he gave considerable emphasis to the cost approach, describing it as a special purpose type building. On cross-examination he admitted the building would be considered a specialty. There is sufficient proof that the building involved herein had undergone substantial structural changes prior to the commencement of operations. The silos, conveyers and mixers would certainly interfere with anything other than detergent manufacture. The record establishes that claimant was unable to find an existing structure to meet his needs and had to reconstruct a new facility at cost. We conclude there is ample proof in the record and legal authority to sustain the trial court's finding that the building was a specialty. (*Barber & Bennett* v. *State of New York*, 34 A D 2d 303, mot. for lv. to app. dsmd. 27 N Y 2d 884; *Matter of City of New York* [*Field's Baking Corp.*], 27 A D 2d 539; *Matter of City of New York* [*Kramer Realty Corp.*], 16 A D 2d 148, 150, affd. 12 N Y 2d 1094; *Matter of City of New York* [*Lincoln Sq. Slum Clearance Project*], 15 A D 2d 153, 172, affd. 12 N Y 2d 1086.) We find no merit in the State's other contention that the trial court failed to set forth the essential facts on which the judgment is based. The court explained its method of evaluation and correlated " allowances for depreciation and economic and functional obsolescence to reflect the fact

that useful lives of the component improvements were obviously interdependent." The award is within the range of expert testimony and there is sufficient evidence to sustain it. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.