■ CITY OF GLEN COVE, Appellant, v SWITZER CONTRACTING CO., INC., et al., Defendants, and UNITED STATES STEEL CORPORATION, Respondent.—In a condemnation proceeding, plaintiff appeals, as limited by its brief, from so

much of an order and judgment of the Supreme Court, Nassau County, entered May 20, 1974 and May 22, 1974, respectively, as (1) confirmed a report of the commissioners of appraisal and (2) fixed just compensation for the taking, together with interest, and an additional allowance thereon pursuant to the provisions of section 16 of the Condemnation Law. Judgment and order reversed insofar as appealed from, on the law, without costs, and proceeding remanded to Special Term for remittal to the same or new commissioners of appraisal for further proceedings not inconsistent herewith. The commissioners, in making their award, employed the summation or cost approach, deeming the subject property to be a specialty. The following criteria must be met in order for property to qualify as a specialty: (1) the improvement must be unique and specially built for the specific purpose for which it was designed, (2) there must be a special use for which the improvement is designed and the improvement must be so specially used, (3) there must be no market for such property and no sales of property for such use and (4) the improvement must be an appropriate improvement at the time of the taking and its use must be economically feasible and reasonably expected to be replaced *(Matter of County of Nassau [Lido Blvd.],* 43 AD2d 45, 49). Respondent acquired the property in 1962, constructed a cement distribution plant thereon and then discontinued such use in 1966. Prior to that time the improvement was a specialty, but it has not been used as such since 1966 and there was no proof to support a finding that it could reasonably be expected to be replaced *(Chiloway Charcoal v State of New York,* 33 AD2d 712, affd 28 NY2d 914). Accordingly, the property should not have been valued as a specialty. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.