■ HAROLD F. MCDONALD et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 56971.)—Judgment unanimously modified, on the law and facts, in accordance with memorandum and as modified affirmed, without costs. Memorandum: The State appeals from a judgment awarding $62,000 for the partial taking of claimants' real property. This corner property had formerly been designed, built and used as an animal hospital. The taking of 2,570 square feet of frontage on two streets damaged the site to a degree that the building could no longer be used for such purposes. Claimants maintained that the property was a specialty and relied entirely upon damages measured by replacement cost less depreciation. The State's appraiser found that the property had a commercial highest and best use after the taking. We agree with the trial court's determination that the subject property was not a specialty. Although the structure contained

kennels, dog runs, an incinerator, and other fixtures which had no economic value for the highest and best use after the partial taking, the property was not so unique as to be without value for purposes other than an animal hospital (see *Matter of City of New York [Lincoln Sq. Slum Clearance Project]*, 15 AD2d 153, 170–172, affd 12 NY2d 1086). The court, therefore, properly rejected the evidence of claimants' appraiser based upon reconstruction cost less depreciation. However, the judgment should be modified because the trial court improperly determined the damages. The court's award is based upon Comparable Sale No. 6 reported by the State's appraiser. This was commercial property acquired by the veterinarians who had been claimants' former tenants. It was purchased by them as a replacement for the subject and converted into an animal hospital at an estimated cost of $30,000. Having found that the reconstruction cost evidence was improper, the court should not have based its award upon this "whole to whole comparable" it created by using the adjusted cost of this commercial property, plus the depreciated cost of improvements, to convert it to an animal hospital. Further than that, the estimated $30,000 cost of remodeling was not supported by probative evidence. The judgment is modified to $48,000 plus interest. This is computed by taking the State's before value for the subject based on Comparable Sale No. 6, $93,500, and adjusting it upwards an additional 10%, or $9,350, to reflect the enhanced value of the subject due to the various fixtures peculiar to the operation of the animal hospital but which were rendered useless by the taking. The quantity survey annexed to claimants' appraisal suggests an original cost of these fixtures well in excess of this sum, and corroborates our finding that claimants are entitled to be compensated for such items, even though not located on that part of the property taken by the appropriation, because the fixtures utility has been destroyed by the taking (see *Cooney Bros. v State of New York*, 24 NY2d 387, 392–393). The before value of the subject is computed at $102,850. The after value is that found by the State appraiser based upon his Comparable Sale No. 6, $75,250, as further adjusted by the trial court $20,000, to reflect location-related deficiencies as a result of the taking, for an after value for the subject of $55,250. The total damages, direct and consequential, are $102,850 before value minus $55,250 after value, amounting to $47,600 rounded to $48,000, plus interest. (Appeal from judgment of Court of Claims in claim for damages for partial appropriation.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.