## (February 25, 1977)

■ In the Matter of the CITY OF ROCHESTER, Appellant-Respondent, Relative to Acquiring Title to Real Property for the Southeast Loop Urban Renewal Project, in the City of Rochester. RYAN AND McINTEE, INC., Respondent-Appellant.—Judgment unanimously affirmed, with costs to defendant. Memorandum: The trial court correctly determined that claimant's funeral home, which included a chapel with a cathedral ceiling, qualified as a specialty. It was specifically designed, constructed and used as a funeral home. The parties concur that its highest and best use was as a funeral home, and the evidence demonstrates the absence of a market for this type of property in the Rochester area. The structural characteristics and features of the building were unique; and the fact that respondent erected a

replacement structure similar to the subject property further supports the conclusion that it was a specialty (see *City of Glen Cove v Switzer Contr. Co.,* 47 AD2d 917; see, also, *Capece v State of New York,* 43 AD2d 601). Thus the cost-of-reproduction approach to valuation was proper *(Keator v State of New York,* 23 NY2d 337, 340) and the trial court justifiably placed greater reliance upon respondent's calculations. Its determination of the building's value is within the range of the experts and should not be disturbed *(Sparks v State of New York,* 48 AD2d 236, affd 39 NY2d 884). Moreover we find that the court's determination of land value at $17 per square foot is supported in the record. The testimony of claimant's expert as to the deteriorated character of the neighborhood, which he concluded affected the marketability of the property, justified the court in making no adjustment for time appreciation. While we note the discrepancies in the record and in the court's findings as to the total square footage of the land, they are comparatively insignificant and do not materially affect the judgment. Finally, while we would affirm an award of the full additional allowance permitted by section 16 of the Condemnation Law, in the circumstances here the trial court was in the best position to make that determination and we find no basis to conclude that it abused its discretion (see *Matter of Dodge v El Roh Realty Corp.,* 40 AD2d 938). (Appeals from judgment of Monroe Supreme Court—condemnation.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.