■ In the Matter of THE CITY OF ROCHESTER, Appellant, v S. C. TOTH, INC., Respondent.—Judgment unanimously modified, on the law and facts, in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: The City of Rochester appeals from a judgment awarding respondent $460,142 with interest and a 5% extra allowance pursuant to section 16 of the Condemnation Law as compensation for the appropriation of respondent's property at 200 Clinton Avenue on July 15, 1970. The subject was, at the time of taking, improved with a wholesale-retail laundry and dry cleaning plant with quick service drive-in facilities. Respondent maintained that the highest and best use of the property was its existing use and that the property was a specialty. Utilizing the market data approach in computing the total taking value of the land at $30 per square foot or $377,055 and the replacement cost less depreciation approach to value the building and improvements at $113,145, respondent arrived at a total taking value for the subject of $490,200. The city's appraiser found the highest and best use of the property was for commercial development as vacant land to be assembled with adjoining parcels. He utilized the market data approach in computing an indicated value for the subject of $20 per square foot and a total taking value of $250,000. From this figure he subtracted a $15,000 demolition cost for a determination of total damages at $235,000. The trial court adopted respondent's opinion that the highest and best use of the subject was its existing use as a laundry-dry cleaning plant and further agreed that the structure located thereon was a specialty. The court concluded that with respect to land valuation, an indicated value of $28 per square foot was appropriate and found a total taking value in that regard of $352,000. Additionally, the court adopted respondent's valuation of the building and improvements based upon the reproduction cost less depreciation approach but reduced this figure $5,000 to $108,145 inasmuch as it found the value of the steam installation to be $5,000 rather than $10,000. Therefore, total damages computed by the court were $460,142. We find that the trial court erred in concluding that the structure here qualified as a specialty. Although we recognize that the structure contained many special fixtures and appurtenances necessary for the maintenance of the laundry and dry cleaning business and that respondent extensively modified and altered the inside of the building to accommodate the installation of special equipment, the building was not so unique as to be without value for

purposes other than a dry cleaning and laundry business (see *Matter of Great Atlantic & Pacific Tea Co. v Kiernan,* 42 NY2d 236, 240). No unusual building materials were used in the original construction of the building and, furthermore, the structure was originally built as an auto service station and later converted into an auto sales agency and not specially built for the purpose of carrying on a laundry-dry cleaning business (see *City of Glen Cove v Switzer Constr. Co.,* 47 AD2d 917). The fact that it had twice previously been converted for various uses further negates the suggestion that the building was a specialty *(Matter of City of New York [Freeman Estates—First Nat. Stores],* 27 AD2d 243, 246–247; *Matter of City of New York [Manhattan Renovation Corp.—Slater],* 19 AD2d 239, 240–241). Finally, not only did the owner of respondent company fail to show that it would be necessary to construct a building identical to the one here in order to continue his business but he testified that he did move a portion of his business to a one-story building which he leased and shared with other tenants. Having found the structure here not to be a specialty, it necessarily follows that the trial court improperly accepted evidence of respondent's appraiser based upon reproduction cost less depreciation (see *McDonald v State of New York,* 52 AD2d 721, 722). Furthermore, the trial court erred in finding that the highest and best use of the property was its existing use. This finding appears to have been based primarily upon the decision that the structure maintained on the property was a specialty and the mere fact of the business' success. We contrarily find that the record adequately supports the conclusion that the property here had a highest and best use for commercial development as vacant land and that the building and improvements maintained thereon contributed little to enhancing the value of the land. Accordingly, we adopt the city appraiser's opinion as to highest and best use. Moreover, we find that the court's determination of land value at $28 per square foot is supported in the record and accept the court's total taking value for the land of $352,000 as the appropriate measure of damages. We reduce the extra allowance of 5% of the award accordingly. (Appeal from judgment of Monroe Supreme Court—condemnation.) Present —Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.