■ BOYERTOWN BURIAL CASKET Co., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 49935.) — Cross appeals from a judgment in favor of claimant, entered July 13, 1970, upon a decision of the Court of Claims. The State has appropriated a 30-foot strip of land across the approximate 150-foot frontage of claimant's property which is located on Broadway in Menands in a highly developed high-grade commercial area. The land is improved with a large two-story brick building designed for the preparation, display and sale of burial caskets. The court found the property was not a specialty and awarded claimant total damages of $27,839; $7,550 for direct damages, $19,839 for consequential damages and $450 for a temporary easement. There is no dispute concerning the amount of direct damages and the temporary easement on this appeal. The State contends there is no basis for the award of consequential damages, whereas claimant asserts that the award for such damages is inadequate. The court found a reduction in the value of the building from $1.35 per square foot to $1.25, but did not explain the basis for its award of consequential damages. The record, in our opinion, does not substantiate the amount arrived at by the court for consequential damages. There is, however, sufficient proof in the record to justify an award of $5,250, which amount represents the cost of resurfacing a parking area of sufficient size to restore the parking spaces lost by the appropriation. The expense of such restoration seems reasonable and proper to meet the

damage caused by the taking and is awarded under a cost of cure theory (cf. *Avon Park* v. *State of New York*, 33 A D 2d 828, app. dsmd. 26 N Y 2d 839). Consequently, the award for damages must be reduced to $13,250. Judgment modified, on the law and the facts, so as to reduce the award for damages to $13,250, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.