■ VAN DUSSEN-STORTO, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53527.)—Judgment unanimously reversed, on the law and the facts, without costs, and new trial granted. Memorandum: Claimant has a 50-year leasehold interest in 3.585 acres of real estate which has a frontage of 319.29 feet on Jefferson Road in the Town of Pittsford, Monroe County. The State appropriated for highway purposes that frontage to a depth of about 37½ feet and took a temporary easement on an adjacent 14 feet in depth. The taking caused a loss of parking spaces to claimant and put it to other expense. The owner of the fee is not a party to this proceeding. Prior to the appropriation claimant had made plans to build a two-story motel on the property and had tentative plans for building an additional wing thereto if the project turned out to be economically feasible. The appropriation eliminated the possibility of adding such wing, and in lieu thereof claimant has since added a third story. Claimant contends that the additional cost thereof exceeded $300,000 and it has included that sum as one of its items of claim herein. In connection with the highway improvement for which this property was taken, the State changed the grade by 4 or 5 feet and temporarily used 14 feet of adjacent frontage for grading purposes. Claimant alleges that this put it to additional expense for access ramps, heating coils thereunder, new light standards and rental of extra parking spaces on adjoining property. The State acknowledges that claimant suffered $1,000 damage because of its temporary easement. This case was tried before a Judge who resigned before deciding it; and counsel stipulated that another Judge should decide it on the record, and this was done. The appeal is from the judgment resulting from the decision thus made. The court held that prior to the appropriation claimant had no decisive plan to build a wing to its motel and hence was not entitled to damages for the cost of building the third story thereon; and we agree. The court also held that claimant suffered loss from the State's taking of the frontage; but it computed that loss in an improper manner. It found that the value of claimant's improvements on the leasehold amount to $1,200,000 and, without evidentiary support, it computed claimant's loss at 6% thereof or the sum of $72,000 plus interest. Not only does the State assert that such method of evaluating claimant's leasehold interest damage is erroneous, but claimant's counsel also admit it in their brief. Claimant, however, contends that the court also erred in denying it the extra cost of building the third story on the motel, denying it damages for loss of parking spaces and denying reimbursement for certain costs which it incurred in order to operate properly under the changed highway conditions. Although loss of parking spaces would normally be compensable (see *Boyertown Burial Casket Co. v State of New York,* 38 AD2d 624), here under the terms of the lease claimant received therefor a reduction in rent in excess of its alleged damages, and so it has proved no loss. Moreover, the court expressly found that claimant had not established its enumerated damages for costs to cure.

Upon this record we agree with the State that claimant has established only $1,000 of damages, namely, for the temporary easement. It is apparent, however, that from the record the court believed that claimant was entitled to additional damages. Because the court seized upon an erroneous principle as a basis for its award and in the course thereof may have precluded itself from other considerations of the case, we conclude that in the interests of justice a new trial should be granted, on which the parties may use the original record and supplement it with such additional evidence as they choose. (Appeals from judgment of Court of Claims—appropriation.) Present —Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.