■ GORDON R. WINDHAM et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 47138.) — REYNOLDS, J. P. Appeal from so much of a judgment of the Court of Claims as denied appellants consequential damages for loss of access as a result of the appropriation of a portion of appellants' property located in the Town of Hammond, St. Lawrence County, for highway purposes. The trial court found that while appellants lost legal access to their property for the 15-day period between September 22, 1964 and October 7, 1964 no award for consequential damages for loss of access was indicated since the period of loss was due solely to the State's filing the appropriation map which took appellants' property on September 22 and not filing the appropriation map on another portion of the same project which restored access until October 7. We concur in the trial court's determination. *Wolfe* v. *State of New York* (22 N Y 2d 292) and other similar cases cited by appellants are not applicable here. The State in the instant case did not as in *Wolfe* attempt to mitigate the effect of the original appropriation by action taken subsequent to the appropriation. Rather it is abundantly clear that the original plans provided appellants access and that the temporary loss of legal access was due solely to a delay in map filing. Nor is *St. Patrick Church* v. *State of New York* (30 A D 2d 473) apposite here. We agree with the trial court that to hold strictly in the face of the undeniable facts presented here that appellants should be compensated on the basis that their property was landlocked would not only be "sanctioning a windfall award", but would be casting an onerous and unnecessary burden on the State to file appropriation maps in connection with a highway construction project with meticulous attention to every temporary legal situation which might develop. We find no merit in appellants' additional contensions and, accordingly, the judgment should be affirmed. Judgment affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.