## (January 23, 1975)

■ B. C. REALTY CORP., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50462.) — Cross appeals from a judgment in favor of claimant, entered May 25, 1973, upon a decision of the Court of Claims. Claimant's entire tract of approximately 22 acres, located in the Town of Islip, Suffolk County, was appropriated by the State for purposes of highway construction and, basing its estimate of value on a residential highest and best use, the only use permitted by the existing zoning ordinance, the trial court granted claimant the sum of $16,630 per acre for a total award of $367,590, plus interest. On this appeal, claimant contends that a rezoning to permit more profitable commercial uses was likely and, therefore, it was error for the trial court to base its evaluation strictly on a residential use. The State, on the other hand, maintains that the appraisal by the claimant's expert was given too much weight by the trial court because it was not supported by sufficiently comparable sales. We find both of these arguments to be without merit and, accordingly, affirm the judgment of the trial court. As to claimant's contentions, the record amply demonstrates that the Islip Town Board was not in any way disposed to relax the strict AAA residential zoning restriction. It denied an application to rezone the subject parcel in 1966, and of 16 applications made for relief from the ordinance in the same vicinity, only one was granted. Nor should the trial court, in making its evaluation, have considered the probability that the ordinance could have been voided because it was not enacted pursuant to a comprehensive plan as required by section 263 of the Town Law. Even should the over-all scheme have been judicially invalidated, that would not have prevented the board from formulating a new plan which would have reinstated the restrictive zoning of claimant's land and, if past history is any indication, that is the action it would have taken. Thus, to have allowed an increased award on such a slight possibility of a change in permitted use would have involved the most attenuated speculation which cannot be condoned (cf. *Matter of City of New York [Shorefront High School — Rudnick]*, 25 N Y 2d 146). Likewise, the ultimate damage award finds ample support in the record. In making its decision, the trial court rejected the State's comparable sales while finding three of claimant's sales to be persuasive. It further discounted the $20,000 per acre value estimate submitted by claimant by making adjustments for various factors delineated in its opinion in recognition of the over-enthusiasm of claimant's appraiser. All these matters relating to the weight to be accorded each sale and to factors and elements bearing on comparability were questions of fact properly within the province of the trial court whose determinations thereon the State has failed to demonstrate as being either unreasonable or otherwise erroneous (cf. *Binghamton Urban Renewal Agency v. Levene*, 34 A D 2d 241; *Metiel Realty Corp. v. State of New York*, 31 A D 2d 593). Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.