■ In the Matter of ROCHESTER URBAN RENEWAL AGENCY, Appellant, v WILLSEA WORKS, Respondent.—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: In this condemnation proceeding, petitioner contends that the trial court erroneously determined that respondent's building constituted a specialty and thus improperly utilized the summation method of valuation. The irregularly shaped parcel at issue, acquired by petitioner on October 13, 1971 as part of its Upper Falls Urban Renewal Project, is situate at the southwest corner of the intersection of St. Paul and Cataract Streets in the City of Rochester, and consists of approximately 25,006 square feet. The mill-type industrial building located on the site contains approximately 16,600 square feet on the ground floor. It was erected in 1907 and purchased by respondent in 1943 for its machinery fabrication and repair business. The exterior walls of the building are made of brick and its wooden roof is supported by steel girders. Separate basement areas are located beneath the front and rear portions of the building. Three offices, a mezzanine, a shop area and a blacksmith shop are included within the premises, but the predominant space in the building is its main work area which is approximately 50 feet wide, 196 feet long and 29 feet high. This work area has a monitor roof and is serviced by a 10-ton bridge crane positioned about 20 feet above the floor. The building also has a large recessed receiving dock and a railroad siding. In deciding that the building is a specialty, the trial court relied primarily upon the "large, clear span" and "the strength of the building" which permitted the entry and handling of the large, heavy equipment with which respondent deals. The credible evidence, however, indicates that this property may be used for industrial purposes other than respondent's and, therefore, it may not be said that the building is "so unique as to be without value for purposes other than [a heavy machine shop]" *(McDonald v State of New York,* 52 AD2d 721, 722, affd 42 NY2d 900). While the structure incorporates certain "special features", they do not require that it be valued as a specialty (see *Matter of Great Atlantic & Pacific Tea Co. v Kiernan,* 42 NY2d 236). Although the high ceilings and unobstructed craneway made the subject appropriate to respondent's use, they "are not truly unique to his business but, in fact, make the property adaptable for general industrial use" *(Matter of Great Atlantic & Pacific Tea Co. v Kiernan, supra,* p 240). The building was not specially designed for the respondent's business and we do not accept the assertion that there was no market for the property. Thus the trial court should not have valued the structure in accordance with the depreciated reproduction cost method

(see *City of Glen Cove v Switzer Constr. Co.,* 47 AD2d 917, 918, app dsmd 36 NY2d 984). Inasmuch as respondent elected to rely exclusively upon the cost approach to valuation, only petitioner's calculations, based upon the income capitalization and market data methods, remain for examination. While petitioner's appraiser properly reviewed other rental properties in applying the income method (see *Rochester Smelting & Refining Co. v State of New York,* 38 AD2d 674), he considered that method solely in a "secondary capacity" and admittedly failed to make any adjustments between the comparable rental properties and the subject. Accordingly, this approach must be disregarded (see *City of Buffalo v Clement Co.,* 41 AD2d 41, 44-45). Petitioner's market data approach, however, is not similarly defective. We find that its whole to whole Sale No. 1 is most comparable and rely upon this sale, with minor adjustment, to establish the fair market value of the subject property in accordance with its highest and best use as a general industrial property. We eliminate the adjustment which penalized the subject on the ground that it was less restrictively zoned than the whole to whole comparable. Additionally, we do not agree that the presence of a frame dwelling increased the sale price of the comparable by $2,500. Accordingly, we find the value of the building to be $137,000 and that of the compensable fixtures, pursuant to the report of O. Germany & Associates, Inc., to be $79,798. Finally, with respect to land value, we accept the trial court's finding of $65,000. Respondent's contention that its evidence of land value should have been adopted, failed adequately to consider that its comparables were not adjusted to reflect that they were expansion sales to neighboring landowners. In view of this factor, the court was justified in disregarding respondent's calculations. The judgment is therefore modified by fixing the total award at $281,798. The extra allowance of 5% of the award pursuant to section 16 of the Condemnation Law is reduced accordingly. (Appeal from judgment of Monroe Supreme Court—condemnation.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Denman and Witmer, JJ.