■ In the Matter of MULTI VEST REAL ESTATE, INC., et al., Appellants, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF HYDE PARK et al., Respondents, and HYDE PARK CENTRAL SCHOOL DISTRICT, Intervenor-Respondent. — In consolidated proceedings to review certain real property assessments by the Town of Hyde Park for the tax years 1975/1976 through 1978/1979, petitioners appeal from a judgment of the Supreme Court, Dutchess County, dated February 20, 1980, which dismissed the petitions at the close of petitioners' evidence. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Petitioners' appraiser valued the improvements by capitalizing income, and valued the land in question based on two allegedly comparable sales, identified in his written appraisal. Both sales occurred in 1972. The first sale involved a 14.3-acre vacant plot, which was purchased for $250,000. That parcel and the subject parcel were of similar size and zoned for similar use. Petitioners' appraiser adjusted the price upward by $160,000, which represented the estimated cost of preparing the site for improvements, and noted that the adjusted purchase price was $28,671 per acre. The second sale involved the very parcel which is the subject of these proceedings. In its unimproved state, that parcel was purchased for $450,000. Petitioners' appraiser made no adjustments to that purchase price, and noted that the purchase price per acre was $30,612. Based on these allegedly comparable sales, petitioners' appraiser estimated

the value of the land portion of the subject property at $30,000 per acre in 1975 and adjusted that estimated value upward by 5% for each of the three later tax years. Special Term dismissed the petitions at the close of petitioners' case, asserting that petitioners had failed to establish the comparability of those two sales. Further, Special Term held that petitioners' appraiser erroneously reached a conclusion as to value by taking the mean purchase price per acre of the comparable sales, without additional adjustments. In our opinion there was sufficient evidence that the two sales were comparable. One of those sales involved the subject property in its unimproved state, and the other sale was of a parcel of similar size and zoned for similar use. Further, the town's appraiser used the same allegedly comparable sales to estimate land value. Therefore comparability was not at issue. After adjustments, there was no substantial difference between the two allegedly comparable sale prices. Therefore, there was no apparent need for additional adjustments (cf. *Latham Holding Co. v State of New York,* 16 NY2d 41). Petitioners' appraiser set forth the facts, figures and calculations upon which his conclusions were reached, and therefore complied with 22 NYCRR 678.1(d) (cf. *Matter of Stoneleigh Parkway v Assessor of Town of Eastchester,* 73 AD2d 918). Although it may be argued that additional adjustments were required to take into account, *inter alia,* the change in market values in the period from 1972 to 1975, and the purchase price which was paid for the subject property after improvements, those contentions go to the weight, and not the sufficiency of petitioners' proof. Titone, J.P., Lazer and Mangano, JJ., concur.

Cohalan, J., concurs in part and dissents in part, with the following memorandum: As to the final two years, 1977/1978 and 1978/1979, I concur with the majority holding that we should reverse, on the law, and grant a new trial, with costs to abide the event. As to the first two years in the consolidated proceeding, however, I dissent and would affirm the judgment to that extent. The property was acquired by the current owners in 1974 at a price of $3,666,500. The improvements (a shopping mall) were erected in 1973. There is no evidence that it was anything but an arm's length transaction. The parties stipulated that the percentage of full value at which real property was then assessed in the Town of Hyde Park for the tax year 1975/1976 was 87.66 and for 1976/1977 75.24. $3,666,500 at 87.66% imports an assessed value of $3,214,053.90. The town assessment was $2,283,500. $3,666,500 at 75.24% produces an assessed value of $2,758,674.60. The town assessment was $2,283,500. For the first two years of occupancy, the premises consisted, in effect, solely of "bricks and mortar" since there were not enough rentals for a proper income capitalization. The opinion posited by the real estate appraiser for the petitioners that the property was worth a great deal less than the purchase price is not persuasive. For tax assessment purposes, it would not be fair or equitable to make the municipality a partner in the financial errors (if such were made) of the petitioners, with a consequent loss of tax revenue.