■ RICHARD TACCONE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62194.) — Appeal from a judgment in favor of claimant, entered September 17, 1981, upon a decision of the Court of Claims (Modugno, J.). Claimant was the owner of 1.490 acres of land improved with a frame ranch-type residence with an attached garage and located on the northerly side of Routes 7 and 10 near County Road No. 23 in the Village of Richmondville, Schoharie County, when, on November 2, 1977, the State appropriated .429-

acre of the parcel including the residence pursuant to section 30 of the Highway Law. Following a trial, the Court of Claims found in accordance with the opinions of the appraisers for both parties that the subject parcel had a highest and best use before the taking as residential land and after the taking as recreational land. Ultimately, it awarded claimant a judgment in the sum of $63,250 plus interest, and the State now appeals. We hold that the challenged judgment should be affirmed, and, in so ruling, find unpersuasive the State's contention that it was error for the Court of Claims to adopt with modification the valuation of the subject property by claimant's appraiser when said appraiser never saw or inspected the property with the result that the court's valuation of the property was $17,500 more than that of the State's appraiser who had inspected the property. Initially, it should be noted that the court did not "adopt" the valuation of claimant's appraiser, but rather based its valuation of the parcel upon personally viewing the property and analyzing and considering the comparable sales in both appraisers' reports. Moreover, since there was clearly a factual basis in the record for the valuation made by claimant's appraiser, the court could properly consider that valuation in reaching its determination (*Ley v State of New York,* 28 AD2d 943, affd 25 NY2d 876; see, also, *Rodolitz v Boston-Old Colony Ins. Co.,* 74 AD2d 821), and given that the ultimate award was within the range of expert testimony and adequately explained by the court in its decision, it should not be disturbed. Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.