■ DAVID T. ENSIGN, JR., as Executor of TERESA S. ENSIGN, Deceased, et al., Respondents, v CITY OF HUDSON, Appellant. — Appeal from a judgment of the Supreme Court in favor of claimants, entered April 1, 1982 in Columbia County, upon a decision of the court at Trial Term (Kahn, J.), without a jury. The City of Hudson condemned claimants' property, some 7.79 acres of land located in that city, in order to transform it into an industrial park as part of the city's urban renewal plan. The property had several dilapidated homes on it. These were in such bad condition that both sides conceded that they had no intrinsic value and had to be removed. The city removed these buildings, regraded the property to correct a marshy condition caused in part by a defective waterline, and installed a new sewer line. Claimant sought $102,750 for the property. At trial, experts for both parties concurred that the best and highest use of the property was industrial. In arriving at their respective evaluations, they utilized as a comparable the property of ADM Milling Co. (hereinafter ADM). This property had been sold in 1976 for $13,000 and in 1979 for $150,000. The city's expert used the 1976 sale as more relevant and placed the value of claimants' property at $14,000. On the other hand, claimants' expert judged the 1979 resale to be more indicative of the value of claimants' property. After considering the expense of removing the derelict buildings and ADM's superior location, he found claimants' property to have a value of $102,750. The court found that the highest and best use of the property was heavy industrial; that the property was in deplorable condition when condemned; that extensive improvements had to be made to make it attractive for such use and, based on the ADM comparable and the present condition of the property, the value of the subject property was $47,500. The city challenges the decision on the ground that the opinion of claimants' expert was so superficial as not to constitute a valid opinion and, consequently, there was no range of expert opinion to support the court's decision. We disagree. The court in accepting the opinion of both appraisers acted well within its discretion and its decision should not be disturbed. The qualifications of claimants' expert did not disqualify him but rather merely bore on the weight to be given to his testimony (*Broward Nat. Bank of Fort Lauderdale v Starzec,* 30 AD2d 603, 604). The ADM property, the comparable used by both appraisers, had sustained a tremendous change in value in the few years between its two sales. ADM had first bought property next door to it, invested huge sums in this property and then found it needed the comparable for expansion purposes. These circumstances markedly affected the leap in the price at which the property was resold in 1979. The court's decision reflects an awareness of the difference in value such circumstances made vis-à-vis the instant property. Although the computations employed by the court to fix the award are not disclosed, the omission does not require a reversal or retrial (*Matter of City of Rochester v BSF Realty,* 59 AD2d 1035). The valuation set by the court is supported by the evidence. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.