■ NORMAN E. BUISCH, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 63097.) — Judgment unanimously affirmed, with costs. Memorandum: This appropriation case involves the taking of an elongated strip of vacant land comprising 5.64 acres situated on a barrier bar between a western portion of Lake Ontario and Port Bay. The property is approximately 1,380 feet in length and varies in width from 65 feet at the west end to 450 feet at the east end. It has a frontage of 1,380 feet on Lake Ontario, and 1,370 feet on Port Bay which consists of two segments, 690 feet and 680 feet, respectively. After finding "that on the date of the appropriation the subject's bay frontage had a value of $78.00 per front foot", the Court of Claims fixed damages at "$107,640.00 ($78/FF × 1380FF.)" The court's reference in its decision to "bay" frontage is an obvious error unsupported by the record. There is no necessity of a new trial, however, since we are empowered to make appropriate findings where the record, as here, contains sufficient evidence from which those findings may be made (*Wettlaufer v State of New York,* 66 AD2d 991, 993). Upon our review of the record we find that it was the subject's lake frontage that had the value of $78 per front foot on the date of the appropriation and we correct the finding accordingly. The State's contention that the court erred as a matter of law in adopting as a comparable land sale a small triangular parcel of land which abuts and once was a part of the subject property, and which has a frontage of 62 feet on Lake Ontario and none on Port Bay, is without merit. The degree of comparability is a question of fact and, absent legal error, the suitability of comparables is a matter within the sound discretion of the trial court (see *Levin v State of New York,* 13 NY2d 87, 92; *Houle Co. v State of New York,* 73 AD2d 794, 795). As the court found, the State's appraiser used this sale as a comparable land sale, and claimant's appraiser also employed the sale in arriving at his opinion of value. Since the State submitted this sale as a comparable it cannot now question its use by the court, and the fact that both appraisers used the parcel attests to its probative worth as a comparable (see *Ensign v City of Hudson,* 93 AD2d 963; *Matter of Multi Vest Real Estate v Board of Assessment Review,* 80 AD2d 898, 899). The court's determination of value was within the range of testimony and was identical to both appraisers' findings as adjusted for time. Thus, the court did not abuse its discretion in rejecting the State's other claimed adjustments. (Appeal from judgment of Court of Claims, Lowery, J. — appropriation.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.