OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 At issue in this case is the amount owing to claimants for the appropriation on October 12,1977 of a sewage flow easement on property adjacent to their restaurant. Both lower courts agreed on the value of the property before the taking, but disagreed on the measurement of damages. The trial court found the highest and best use of the property unchanged by the appropriation, accepting the State’s evidence and representations at trial during 1980 that a cure involving a system of piping the sewage off-premises was feasible. The trial court awarded claimants the cost to cure, as well as other direct and consequential damages, whereas the Appellate Division, in arriving at the fair market value of claimants’ property after the taking, rejected the proffered cure because it required governmental permits and the use of land outside the subject property.
 

 The only potentially feasible alternative method demonstrated at trial for claimants to dispose of the sewage generated by their restaurant required governmental approval or the use of certain State facilities not previously committed, to this purpose. Representations at trial, years after the appropriation, that the necessary authorizations would be forthcoming upon application by claimants do not satisfy the requirement — if the proposed cure is to effect a mitigation of damages — for timely, unequivocal assurance by the State, the condemnor, that this alternative would be implemented
 
 (see, Wolfe v State of New York,
 
 22 NY2d 292;
 
 see also, Pollak v State of New York,
 
 41 NY2d 909). Accordingly, we adopt as more closely comporting
 
 *813
 
 with the weight of the evidence both the Appellate Division’s findings that the highest and best use of the property after the taking was for apartments and a possible craft shop, and its calculation of damages.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
 

 Order affirmed, with costs, in a memorandum.