■ JOHN R. MARTABANO et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant.—In an eminent domain proceeding, the claimants and the State of New York cross-appeal from a judgment of the Court of Claims (McCabe, J.), dated May 4, 1984, which, after a nonjury trial, awarded the claimants the principal sum of $97,842, with specified interest. The claimants' appeal brings up for review so much of an order of the same court, dated June 19, 1984, as denied so much of their motion which was, in effect, for renewal with respect to the charging against the award of the value placed by the State upon a fixture.

Judgment reversed, on the law and the facts, and matter remitted to the Court of Claims for a recalculation of damages in accordance herewith.

Order affirmed insofar as reviewed. No opinion.

The claimants are awarded one bill of costs.

The subject condemnation involves a neighborhood shopping center known as 720 North Bedford Road, in the Town of Bedford, County of Westchester. It contains four tenants. As it was designed in or about 1968, using every space available for parking, it had 111 parking spaces. In 1973, to accommodate a prospective restaurant tenant replacing a departing tenant, it was found that under the zoning code, 20 more spaces were necessary. However, only 13 could be added by elimination of the rear loading dock used by the departing tenant. Thus, the claimants applied for and obtained a variance permitting only 124 spaces.

In 1979, the State acquired by appropriation a strip of land on the claimants' North Bedford Road frontage for highway widening. The evidence at trial established that that taking caused a loss of 15 of the claimants' front 25 parking spaces, with serious repercussions on the economic value of the subject shopping center. The claimants asserted that they had incurred direct damages for the strip taken and $242,220 severance damages caused by the loss of parking spaces, for a total of $285,000. Their expert calculated that this was a total loss of 12% of the presently available parking area and that this reduced the rental value of the premises by 15%. The State's appraiser initially was totally unaware that the taking cut across the subject parking spaces, and thus he allowed direct damages of only $25,750 and no severance damages. Ultimately this oversight came to his attention and he

amended his appraisal to acknowledge a loss of 15 parking spaces, causing a rental loss, in his opinion of 5% and "Indicated Damages" of $67,100. Subsequently, he arrived at a third possible valuation approach, viz., redesign of the claimants' parking scheme, at a cost to cure of $8,000, which would be added to the $25,750, to result in an award of $33,750, without any severance damages because the parking lot loss would be "cure[d]".

After trial, the court awarded the claimants the principal sum of $97,842 for all damages, direct and consequential. In arriving at that damage award, the court drew upon the income capitalization approach used by the experts for both parties. In its calculations, the court noted that the claimants' expert had found a 15% reduction in rental value due to the parking space loss whereas the State's appraiser found a 5% reduction in rental value. The court selected the latter 5% figure in making its calculations.

We are in accord with the trial court's determination and disposition of all issues except that we find that reliance upon the State's appraiser's 5% rental loss figure was unwarranted in view of the weak and questionable quality of his testimony. In contrast, the claimants' appraiser's 15% figure was documented by zoning code analysis and a national study concerning parking needs. While adoption of his 15% rental loss figure arising from a 12% parking space loss was not warranted (see, Mil-Pine Plaza v State of New York, 72 AD2d 460), a figure of 10% is warranted and within the range of the evidence. Therefore, the award should be recalculated, using a 10% figure for loss of rental income.

We note that this case is distinguishable from Mil-Pine Plaza v State of New York (supra) in that there, even after the taking, there were adequate parking spaces, while here the taking resulted in a calculable deficiency. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.