■ In the Matter of the Acquisition of Real Property by the COUNTY OF BROOME, Appellant. MILLER FACILITIES CORPORATION et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Harlem, J.), entered September 19, 1986 in Broome County, which, in a proceeding pursuant to EDPL 402, determined the compensation due claimants as a result of petitioner's acquisition of real property.

Petitioner contends that the award by Supreme Court in this appropriation case was excessive and that the court erred in failing to consider evidence of 10 allegedly comparable sales of real property in arriving at the award.

The subject parcel consists of 6.84 acres of vacant land owned by claimant Miller Facilities Corporation on Old Mill Road in the Town of Vestal, Broome County, which petitioner appropriated for construction of a bus garage. On September 8, 1982, petitioner acquired the property by filing an appropriation map and paid Miller $162,000. Miller filed a claim the same day seeking $300,000 as compensation for the appropriation. Following a nonjury trial, Supreme Court found that the highest and best use of the land was industrial and adopted the market data approach to determine basic value as did the appraisers for both parties. Supreme Court noted that out of

the examples of comparable sales used by the parties' appraisers, only one parcel was used by all, that being a parcel on Commerce Road developed for a United Parcel Service (UPS) terminal. This parcel, which was sold in 1979 for $100,000, was either 4.14 acres having a value of $24,155 per acre or 4.49 acres valued at $22,272 per acre, the parties having disputed the actual size. Averaging these estimates, Supreme Court reached a $23,500 per acre value for the UPS parcel. To this base, the court further adjusted for the time period between the 1979 UPS parcel sale and the 1982 appropriation of the subject parcel, as well as for differences in topography, location, size and services. After making the adjustments, Supreme Court valued the subject property at $35,000 per acre for a basic value of $239,000, plus improvements of $20,000, for a total of $259,000. Crediting the amount previously paid, Supreme Court entered judgment against petitioner for $97,000 plus interest, totaling in all $132,441, from which judgment petitioner has appealed.*

The judgment should be affirmed. We disagree with petitioner's contention that Supreme Court erred in considering only one comparable sale in calculating the subject parcel's value. Although other comparable sales were included in the parties' respective appraisals, all three appraisals in evidence identified the UPS parcel as comparable. There is no per se rule precluding the use of one comparable parcel *(see, Glenn Houle Co. v State of New York,* 73 AD2d 794, 795; *Matter of Rochester Urban Renewal Agency v Willsea Works,* 62 AD2d 1169, 1170, *affd* 48 NY2d 694; *Matter of City of New York [Ginsberg],* 36 AD2d 156, 158; *cf., Matter of City of New York [Lincoln Sq. Urban Renewal Project],* 23 Misc 2d 690, 696, *affd* 15 AD2d 650, *lv denied* 11 NY2d 646) and, inasmuch as the parties all identified the UPS parcel sale as comparable, Supreme Court could readily utilize this parcel as the most direct way at arriving at a value *(see, Buisch v State of New York,* 98 AD2d 967). We further observe that the court did not simply average the final estimated values calculated by the respective appraiser, but undertook an item-by-item analysis of the underlying adjustments and calculations of each appraiser's estimates. It was not inappropriate for Supreme Court to average certain disputed adjustments.

Nor can we agree that the determination of value was unreasonable. The expert testimony was sufficient to establish

---

* By stipulation, the parties agreed to increase the rate of interest from the 6% initially awarded to 9% *(see,* CPLR 5004).

a range of opinion within which Supreme Court could properly function *(see, Geary v State of New York,* 95 AD2d 965, 966, *lv denied* 61 NY2d 605). Generally, an award should not be disturbed if the "ultimate award was within the range of expert testimony and adequately explained by the court in its decision" *(Taccone v State of New York,* 92 AD2d 632, 633), unless unreasonable or compromised by legal error *(B.C. Realty Corp. v State of New York,* 47 AD2d 575). The degree of comparability between parcels presents a factual assessment properly within the province of the trial court *(supra; see, Levin v State of New York,* 13 NY2d 87, 92). Petitioner maintains that Supreme Court overvalued the subject parcel's location and undervalued the parcel's topographical limitations and lack of sanitary sewage facilities. We disagree. Our review of the record confirms that the court's adjustments were all within the range of the expert testimony. Further, the objections raised essentially relate to valuation judgments within the discretion of the trial court to assess *(B.C. Realty Corp. v State of New York, supra).* The $7,500 per acre adjustment for location was not unreasonable considering the parcel's access to local roadways and proximity to the population centers within the county. Nor was Supreme Court required to reduce the parcel's value by the *actual* cost of installing sewer services; the $500 per acre reduction was not unreasonable and actually conformed with the appraisal of James Holcomb submitted by petitioner. The court also accounted for the detrimental impact of the .9-acre slope on the property in finding that the topography of the two parcels was equivalent.

In sum, we find that Supreme Court committed no legal error; the determination of value was reasonable and within the range of expert testimony and, thus, should not be disturbed *(see, Taccone v State of New York, supra,* at 633).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.