■ In the Matter of the Acquisition of Real Property by the Town of Esopus, Appellant-Respondent. Donald L. Gordon, Jr., et al., Respondents-Appellants. Donald L. Gordon, Jr., et al., Respondents-Appellants, v Town of Esopus, Appellant-Respondent.—Weiss, J. Cross appeals (1) from an order and judgment of the Supreme Court (Connor, J.), entered April 25, 1989 in Ulster County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimants as a result of petitioner's acquisition of real property, and (2) from an order of said court, entered April 25, 1989 in Ulster County, which granted claimants' motion pursuant to EDPL 701 for an additional allowance for extraordinary expenses.

Briefly stated the facts in this case show that in 1968 the Town of Esopus had leased approximately 31 acres of land in Ulster County owned by the Gordon family for use as a landfill and that in 1982, by amendment, the parties agreed

that rentals for renewals or for the sale price would be determined by mutually selected appraisers. Subsequently, the town rejected a determination both of the $1,575 monthly rental and the sale price of $135,000, but nevertheless remained in occupancy continuing operation of its landfill. In March 1985 this court affirmed an order made by County Court directing the town to pay $1,575 in monthly rental until it either was evicted or acquired title (Matter of Gordon v Town of Esopus, 107 AD2d 114). One month later on April 19, 1985, the town commenced condemnation proceedings to acquire the premises together with three additional acres. The Gordons commenced an action against the town for damages alleging that the placement of sludge on the property constituted an act of waste. The condemnation proceeding was joined for trial after which Supreme Court found that the highest and best use of the premises was for a landfill and awarded the Gordons $239,504.37 plus an adjustment of $250,000 for "start up" costs which had enhanced the value of the property, increasing the award to $489,504.37. A $5,000 award to the Gordons on their action for waste was merged into the condemnation award. In a separate order, the Gordons were awarded $34,684.79 for extraordinary expenses incurred for expert witnesses and legal fees (see, EDPL 701). These cross appeals ensued.

Contending that its ordinance precludes the private operation of a landfill (see, Local Laws, 1989, No. 13 of Town of Esopus, §§ 92-7, 92-8), the town argues that valuation should have been made for vacant recreational use representing only what the owner has lost, not what the town has gained (see, St. Agnes Cemetery v State of New York, 3 NY2d 37, 41; see also, Boston Chamber of Commerce v Boston, 217 US 189, 195). Since the property had been in use as a landfill for 17 years continuing right up to the time of trial, and recognizing that the very purpose for the condemnation was to obtain the landfill site, Supreme Court correctly rejected the town's argument and found the highest and best use was as a landfill. Moreover, an owner whose property has been taken is not to be limited to the use he made of the property, but is entitled to the market value based on the most advantageous use (St. Agnes Cemetery v State of New York, supra, at 41) "even though the owner may not have been utilizing the property to its fullest potential when it was taken" (Matter of Town of Islip [Mascioli], 49 NY2d 354, 360). We further agree that Supreme Court correctly rejected the town's argument that the Gordons were bound to the value of $135,000 estab-

lished by the appraisers in 1982 or from relitigating the issue on res judicata grounds *(see, Matter of Gordon v Town of Esopus,* 107 AD2d 114, *supra).* That valuation was reached by compromise between appraisers and was neither agreed to nor consented to by the Gordons, and in any event could not be binding seven years later.

We do find that the record lacks support for an upward adjustment of $250,000 as enhanced value because of an expenditure in that amount for landfill "start-up" costs. Both the appraisal report and the expert's testimony offered by the Gordons confirm that the valuation placed on the property *included* an enhancement factor of $1,500,000 representing the value of the existing "footprint" which saved an owner the necessity of conforming to current regulations. Moreover, the report of the Gordons' expert states: "I have considered this [start-up costs normally run $250,000], but, in my judgment, it does not pertain to this problem. The subject is enhanced as an existing 'footprint'. It cannot also be enhanced by the cost of meeting regulations which did not exist when the subject became 'grandfathered', so to speak." In the absence of findings within the range of expert testimony or support by other evidence and adequate explanation by Supreme Court, the $250,000 component of the award must be stricken *(see, Matter of City of New York [Reiss],* 55 NY2d 885, 886).

We find little merit in the town's assignment of error in the admission of the Gordons' rebuttal testimony showing the profit potential from the private operation of a landfill. The opinion was well reasoned and served to demonstrate a motive for the taking as well as be evidence of the highest and best use of the property. Moreover, the decision was obviously not based upon this evidence and, therefore, even if erroneously admitted, it did not result in any prejudice to the town. We similarly find unpersuasive the town's contention that Supreme Court erred in its consideration of the claim for waste and in merging the $5,000 award with the condemnation award *(see, Getty Oil Co. v State of New York,* 33 AD2d 705).

Finally, we find the allowance of $34,684.79 for extraordinary expenses *(see,* EDPL 701) to be adequately documented and well within the province of Supreme Court, which had full opportunity to hear and evaluate the necessity for and reasonableness of the services. The rejection of the reimbursement claim of $21,825 for services by Laurie Gordon-Hardy was proper since it was not shown that the expenditure of this sum was either necessary or actually incurred *(see,* EDPL 701).

Order and judgment modified, on the law, without costs, by reversing so much thereof as awarded claimants an adjustment for start-up costs of $250,000; judgment is reduced by said sum; and, as so modified, affirmed.

Order affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.