■ JOSEPH CHAVOUSTIE et al., Respondents-Appellants, v STONE STREET BAPTIST CHURCH OF CHAUMONT et al., Appellants-Respondents.—Order unanimously modified on the law and facts and as modified affirmed without costs, in accordance with the following Memorandum: This case presents a dispute concerning the location of the boundary line between the parties' properties. The trial court, despite having three opportunities to do so, declined to delineate such boundary line. Upon review of the record before us, we find that it contains sufficient facts for us to make the findings necessary to delineate the boundary line (see generally, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Matter of Fasano v State of New York, 113 AD2d 885, 887-888; Buisch v State of New York, 98 AD2d 967). The uncontradicted testimony established that, at least between 1974 and 1985, the owners of the respective properties considered their boundary line to be a line parallel to and three feet from the west side of the church and perpendicular to Washington Street. That testimony shows the practical location of

the boundary and acquiescence thereto by the respective property owners for at least 11 years. Practical location and acquiescence for the statutory period is conclusive as to the location of the boundary line *(see, Katz v Kaiser,* 154 NY 294; *Sherman v Kane,* 86 NY 57, 71-74; *Wentworth v Braun,* 78 App Div 634, *affd* 175 NY 515; *Van Dusen v Lomonaco,* 24 Misc 2d 878).* Thus, we find that the boundary line between the parties' properties is as follows: a line parallel to and three feet from the west side of the church and perpendicular to Washington Street, extending from the point that the parallel line intersects with plaintiffs' easterly boundary as defined in the Huntley survey to defendant church's rear property line.

We also find that plaintiffs have established, by clear and convincing evidence, that they have title by adverse possession to a triangular parcel of defendant church's land, bounded by the afore-described parallel line, the rear line of the parties' properties and plaintiffs' easterly boundary line as defined in the Huntley survey. The proof at trial shows that, between 1974 and 1988, plaintiffs cultivated and maintained the subject parcel, mowed it, planted a garden and trees on it, and erected a garage, swimming pool, storage shed and clothes line on it. We find that these facts established that plaintiffs have possessed the parcel hostilely and under claim of right, actually, openly and notoriously, exclusively and continuously for the statutory period *(see, Belotti v Bickhardt,* 228 NY 296, 302; *Doherty v Matsell,* 119 NY 646; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 120). (Resubmission of Appeals from Order of Supreme Court, Jefferson County, Gilbert, J.—Adverse Possession.) Present—Dillon, P. J., Denman, Balio, Lawton and Lowery, JJ.