■ In the Matter of STEVEN A., a Person Alleged to be in Need of Supervision.—Order unanimously affirmed without costs. Memorandum: Contrary to respondent's contention, Family Court had authority to vacate, *sua sponte* and for good cause, the adjudication that he was a person in need of supervision *(see,* Family Ct Act §§ 761, 762).

There is no merit to respondent's contention that the evidence was legally insufficient to prove that he was a person in need of supervision. Petitioner demonstrated beyond a reasonable doubt that respondent was ungovernable, habitually disobedient of the reasonable directions of his mother and stepfather, and was beyond their lawful control *(see,* Family Ct Act § 712 [a]). (Appeal from Order of Erie County Family Court, Honan, J.—Violation of Probation.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

■ JOSEPH MAHAR, Appellant, v WILLIAM LARKIN et al., Respondents.—Judgment unanimously affirmed with costs. Memorandum: We reject plaintiff's contention that Supreme Court erroneously found that defendants had adversely possessed the concrete slab. The court's findings of fact, which are fully supported by the record, established that defendants' possession of the concrete slab, used as a boat launch, was hostile and under claim of right, actual, open and notorious, exclusive and continuous for the statutory period *(see, Belotti v Bickhardt,* 228 NY 296, 302; *Doherty v Matsell,* 119 NY 646; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 120; *see also, Chavoustie v Stone St. Baptist Church,* 171 AD2d 1055).

We also reject plaintiff's contention that defendants' claim was barred because plaintiff had paid real property taxes on the disputed property *(see, Consolidated Ice Co. v Mayor of City of N. Y.,* 166 NY 92, 101; *see also, Archibald v New York Cent. & Hudson Riv. R. R. Co.,* 157 NY 574, 583). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Adverse Possession.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.