■ LEEROY SHERWOOD, Appellant, v STATE OF NEW YORK, Respondent. [657 NYS2d 336] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Weisberg, J.), dated January 2, 1996, which, after a nonjury trial on the issue of liability, is in favor of the State of New York and against the claimant, dismissing the claim.

Ordered that the judgment is affirmed, with costs.

While traveling westbound on the Long Island Expressway in Queens the then-19-year old claimant lost control of his car, which went over an embankment and collided with a tree. The claimant thereafter brought this claim against the State, alleging that it had been negligent in not maintaining a guardrail at the spot where his car left the highway.

Although, as the State correctly concedes, the Court of Claims erred in resorting to certain trigonometric formulas that had not been introduced into evidence in its discussion of proximate causation in its posttrial decision, we conclude that the error was harmless, as the record is devoid of evidence that any negligence by the State proximately caused the claimant's accident (*see, e.g., Epstein v State of New York,* 124 AD2d 544). Among other things, the claimant, who was the sole witness to the accident, originally testified that he did not know at what angle his vehicle was traveling when it left the highway. When pressed, however, he estimated that the angle was 45 degrees, and that his speed was 56 miles per hour. Subsequently, however, the claimant's own expert, Joseph Champagne, testified that guardrails would only deflect a vehicle that was traveling up to 60 miles per hour if it left the highway at an angle of 25 degrees or less. This same expert—admitting that there was nothing in evidence to support his computation—estimated that the claimant had left the roadway at an angle of between

4 and 14 degrees. In addition, Champagne conceded that the formula he was using would apply only to a car engaged in controlled evasive maneuvers, and not to a car out of control, as was the case here. The State's expert, Robert Hintersteiner, corroborated these defects in Champagne's analysis and concluded, without contradiction, that the complainant's trajectory could only be computed with knowledge of the distance he had traveled or the time that had elapsed between his attempting to turn left and his leaving the highway to the right. As long as these parameters remained unknown, Hintersteiner concluded, the question of whether a guardrail would have stopped or slowed the complainant's car was "just guesswork". By way of rebuttal, the claimant was thereafter allowed to testify that he had left the roadway at "maybe ten degrees or less" (*cf., Davis v State of New York,* 203 AD2d 234).

The claimant failed to prove by a preponderance of the credible evidence that the State's failure to extend its guardrail was a proximate cause of his accident. Accordingly, his claim was properly dismissed (*see, Lauter v Village of Great Neck,* 231 AD2d 553; *Sangirardi v State of New York,* 205 AD2d 603). Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.