■ In the Matter of the Acquisition of Real Property by the COUNTY OF WARREN, Respondent. MAURICE M. YAFEE, Appellant. [663 NYS2d 731] —Carpinello, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered June 21, 1996 in Warren County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimant as a result of petitioner's acquisition of real property.

At issue is the value of real property, owned by claimant, that was condemned by petitioner for the purpose of widening and expanding Quaker Road in the Town of Queensbury, Warren County. The condemned property, 1.15 acres of a 9.36-acre commercial lot, has 577 feet of frontage on Quaker Road and is 96 feet deep. In anticipation of a formal proceeding under the EDPL, petitioner was granted a permanent easement for the construction and installation of a sanitary sewer as well as the widening of the road. In exchange, claimant received an advance payment of $37,500—representing $32,609 per acre for the 1.15 acres appropriated.

Following a nonjury trial, Supreme Court determined that claimant was only entitled to recover $37,150 for the appropriation. A judgment was entered accordingly and claimant appeals, contending as he did in Supreme Court that he is entitled to be compensated in the amount of $550,000 for the direct and indirect damages he sustained as a result of the appropriation.

It is well settled that "[i]n determining an award to an owner of condemned property, the findings must either be within the range of the expert testimony or be supported by other evi-

dence and adequately explained by the court" (*Matter of City of New York [Reiss]*, 55 NY2d 885, 886; *see, Ingber v State of New York*, 187 AD2d 826, 828). It is equally well settled that "[t]he measure of damages for a partial taking of real property is the difference between the property's value before the condemnation and the value afterward" (*McDonald v State of New York*, 42 NY2d 900). Claimant contends that "[a]ll of the credible evidence adduced at trial supports a finding that the taking by [petitioner] adversely affected [his] entire property" and, therefore, he is entitled to be compensated accordingly—a figure well in excess of $37,150. We cannot agree. Upon our review of the record, we are satisfied that the determination reached by Supreme Court is within the range of expert testimony and adequately supported; thus, it should be affirmed.

In finding that claimant has no further claim of damage against petitioner above and beyond the moneys already paid, Supreme Court specifically accepted the opinion and appraisal of petitioner's real estate appraiser, Robert Strell, and rejected that of claimant's appraiser, Robert Cote. Claimant nevertheless insists that Cote reasonably quantified his opinions concerning the change in use of the entire parcel following the taking. We note, however, that credibility determinations are committed to the sound discretion of the court (*see, Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.]*, 214 AD2d 813, 814) and we are unconvinced that this credibility determination should be disturbed.

Supreme Court noted, and the record supports, that the taking of the 1.15 acres had minimal, if any, adverse impact on the remaining portion of claimant's commercial property. According to Strell, the already existing improvements on the property, including a building housing Glens Falls Electric Supply, were not affected by the taking. This opinion was based upon his review of the pertinent zoning ordinances in effect both before and after the taking and his observation that there was no difficulty with ingress or egress onto the property.

Utilizing the sale comparison approach in appraising the property, Strell opined that the highest and best use of the property before the taking was no different than the highest and best use after the taking. The 1.15-acre reduction, according to Strell, was not significant and the remaining acres—approximately 8.21—were sufficient to permit the same types of development after the taking as before (i.e., commercial use). In contrast, Cote concluded that the highest and best before-appropriation use was intense commercial use such as a

strip shopping center or fast food restaurant, but the possibility of such intense commercial development was "highly questionable" after the appropriation. This opinion, however, was based in part on Cote's opinion that the property suffered from restricted access following the appropriation, a conclusion contradicted by Strell and rejected by Supreme Court.

Additionally, according to Strell, the area of Quaker Road was itself developing and the installation of the sewer and the widening of the road into a four-lane access highway with substantial shoulders actually improved the quality of claimant's remaining property. Based upon his evaluation of comparable sales before and after the taking, and considering the improvements to the property, Strell opined that the total damage was $37,150. In our view, Supreme Court was entitled to credit this opinion and we see no reason to disturb the determination.

Claimant's remaining contentions have been reviewed and found to be meritless.

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.