■ North Colonie Central School District, Appellant, v State of New York, Respondent. (Claim No. 87920.) [682 NYS2d 476] —Yesawich Jr., J. Appeal from a judgment in favor of claimant, entered July 31, 1997, upon a decision of the Court of Claims (McNamara, J.).

At issue is the measure of compensation due claimant for the State's appropriation of claimant's real property. The subject property is a single parcel, roughly one acre in size, located on Troy-Schenectady Road (State Route 7) in the Town of Colonie, Albany County. At the time of the taking, it was improved with a historic one-room schoolhouse that was used by claimant primarily for storage. The appropriation involved the taking of a strip along the entire road frontage, amounting to approximately 2,125 square feet, together with a temporary easement over another 667 square feet. As a result of the permanent taking, the building setback was reduced significantly, and a parking area on the east side of the structure was eliminated.

Claimant's appraiser, Kenneth Gardner, testified that while the highest and best use of the property had been for commercial use, utilizing the existing building, the taking rendered such use impossible because it left the parcel without off-street parking, which is required by the Town zoning regulations for all commercial uses. Inasmuch as the construction of a suitable parking area would, in his view, have cost more than the residual value of the building, Gardner opined that the best use that could be made of the property after the taking would be to remove the structure and redevelop the site. Accordingly, he valued the property, after the appropriation, as a "commercial [development] site * * * requir[ing] substantial fill" because of its uneven topography. The difference between Gardner's before valuation of $210,000 and his after valuation of $124,000 yielded damages of $86,000, to which he added $1,100 for the value of the temporary easement, arriving at a total damage figure of $87,100.

The State's appraiser, Douglas Alvey, testified that the highest and best use of the property, both before and after the appropriation, was for conversion to a secondary commercial use. While he acknowledged that the taking had eliminated the existing parking area, it was his opinion—based on estimates furnished by a professional engineer, who also testified for the State—that suitable parking could be constructed at a cost of

$7,000 or $14,000, depending upon the location of the proposed replacement parking spaces. Alvey concluded that the value of the property prior to the taking was $105,000 and after the taking (assuming that the parking had been restored in accordance with one of the options outlined by the engineer) was $90,000. To the $15,000 difference between these figures, he added the $7,000 cost of curing the parking situation to arrive at total damages of $22,000. Alvey also presented an alternate approach to valuing the premises after the taking, opining that if no cure were to be effected with respect to the parking deficit the property would be worth only $80,000 (and therefore the total damages sustained by claimant would be $25,000). The State presented no testimony as to the value of the temporary easement.

The Court of Claims, in a detailed decision, rejected Gardner's estimate of the cost to cure, as unsubstantiated, and consequently forsook his conclusion that the highest and best use of the property, after the taking, would be as vacant land. Rather, the court adopted Alvey's views as to the highest and best use both before and after the appropriation. After analyzing the adjustments made by both appraisers, and modifying those adjustments where they were found to be excessive or insufficient, the court arrived at a before-taking value for the property of $156,000, $116,700 of which represented the value of the land (44,867 square feet at $2.60 per square foot), with the remaining $39,300 attributed to the improvements. The court found that the taking reduced the value of the remaining 42,742 square feet of land to $2.50 per square foot (for a total land value of $106,900) and decreased the value of the improvements by $19,300, to $20,000. The Court of Claims rejected both appraisers' estimates of the cost to cure the parking problem and concluded that the total value of the property after the taking was $126,900 (which, it should be noted, differs only slightly from the after-taking value advanced by Gardner), entitling claimant to an award of $29,100. Utilizing Gardner's method of valuing the temporary easement but substituting its own land valuation, the court found the value of the easement to be $350. Judgment was entered accordingly and claimant appeals.

We affirm. Although the Court of Claims misrelated Gardner's opinion as to highest and best use of the land after the taking, that error is harmless given that the court clearly apprehended, but rejected, the theory upon which that opinion was based, namely that the cost to correct the parking situation made it impractical to continue to use the existing

structure. And, while the court should not have discussed in its decision the parking options considered by Alvey—claimant's motion to strike the engineer's testimony having been granted—that error is also of no moment, for the court expressly rejected those "cost to cure" proposals as well (*see, Sherwood v State of New York*, 238 AD2d 396, *lv denied* 90 NY2d 806; *Matter of Town of Esopus*, 162 AD2d 829, 831, *lv denied* 77 NY2d 801).

Nor are we persuaded that after striking the engineer's testimony, and declining to adopt the main premise underlying claimant's appraisal, the Court of Claims was left with no basis for valuing the property after the appropriation (*compare, Donaloio v State of New York*, 99 AD2d 335, 338, *affd* 64 NY2d 811). Alvey's alternate method of arriving at a total value for the subject property as it was left after the taking without any improvement in the parking situation, by adjusting each of his comparables to account for this deficit, was not, as claimant contends, so conclusory as to be entirely devoid of probative value. The court found this approach "generally sound", although some of Alvey's other adjustments were deemed insufficient to account for the changes in setback and parcel size. Accordingly, the total decrease in property value was determined to be $29,100, slightly more than the $25,000 suggested by Alvey. Inasmuch as the court adequately explained the basis for its findings, which have a foundation in the record, and for its deviation from Alvey's ultimate conclusion as to damages, we find no reason to disturb its award (*see, Matter of County of Warren [Yafee]*, 244 AD2d 615, 615-616; *see also, Matter of City of New York [Reiss]*, 55 NY2d 885, 886; *Taccone v State of New York*, 92 AD2d 632, 633; *cf., B. C. Realty Corp. v State of New York*, 47 AD2d 575).

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.