[714 NYS2d 113]

Fodera Enterprises, Respondent, v State of New York, Appellant.

Second Department, October 10, 2000

APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General,* New York City (*Peter H. Schiff* and *Michael S. Buskus* of counsel), for appellant.

*Goldstein, Goldstein & Rikon, P. C.,* New York City (*Michael J. Goldstein* of counsel), for respondent.

## OPINION OF THE COURT

RITTER, J. P.

In a claim to recover damages for the acquisition of real property, we are asked to determine whether the Court of Claims erred in declining to limit the claimant's consequential damages to the "cost-to-cure" the same. On the record presented, we hold that it did not.

The claimant is the owner of real property in Queens. On February 1, 1993, the appellant, State of New York (hereinafter the State), appropriated a permanent easement on a wedge-shaped portion of the claimant's property. By judgment dated June 22, 1999, the claimant, after a nonjury trial, was awarded direct damages in the principal sum of $27,000 and consequential damages in the principal sum of $30,000, arising from the loss of parking. On appeal, the State challenges only the proper measure of the claimant's consequential damages.

The State, noting that the claimant has a duty to mitigate its damages, asserts that it presented evidence that the loss of parking could be cured by relocating an existing curb cut approximately 10 feet from its current location and reconfiguring the remaining parking area. The proposed curb cut would require a permit from the Department of Transportation of the City of New York (hereinafter the DOT). Concerning the burden of proof on the issue of the permit, the State argues that it had a "threshold obligation" of showing the "economic and engineering feasibility" of the permit, and that it met that obligation. The State also argues that the circumstances were sufficient "to raise an inference that the administrative agency might grant the permit." The State asserts that the claimant, in opposition thereto, failed to meet its burden of proffering proof "on the issue of the likelihood that such a permit would be granted." Accordingly, the State concludes, because the claimant should be limited to a cost-to-cure remedy if there is a "reasonable likelihood" that the permit would issue, this gap in the evidence must inure to the detriment of the claimant, and the claimant's damages should be limited to the State's proffered cost-to-cure.

The claimant, while acknowledging a duty to mitigate its consequential damages, argues, *inter alia,* that the goal of "full and perfect compensation" will be violated if a claimant is obligated to seek a permit when "there is the remotest possibility that it might not be gotten"; that is, when the entity that is to issue the permit retains even the "least amount of discretion" to deny the same. Here, the claimant argues, it presented proof that the grant or denial of a permit for a curb cut was discretionary and turned on factors both subjective and objective in nature. Thus, the claimant concludes, on the facts presented, it should not be required to seek a curb cut permit in mitigation of its consequential damages.

The Court of Claims, while finding that "sound public policy at least arguably favors the test urged by the State," believed that the decision of the Court of Appeals in *Donaloio v State of New York* (64 NY2d 811) precluded the application of that test. Accordingly, the Court of Claims awarded the claimant consequential damages in the amount of the diminution of the value of the property arising from the loss of parking. We now affirm, although for reasons different from those stated by the Court of Claims.

As correctly conceded by the claimant, consequential damages arising from a partial taking must be mitigated where possible (*see, Wilmot v State of New York,* 32 NY2d 164; *Mayes Co. v State of New York,* 18 NY2d 549). In such cases, the award of consequential damages may be limited to the cost-to-cure, provided, of course, that suchamount does not exceed the diminution in the value of the property after the taking (*see, Hylan Flying Serv. v State of New York,* 49 NY2d 840; *City of Yonkers v State of New York,* 40 NY2d 408; *Goldsmith v State of New York,* 26 NY2d 899; 4A Nichols, Eminent Domain § 14A.04 [2] [a] [rev 3d ed]). For example, an award of consequential damages may be limited to the cost-to-cure when it is shown that the claimant can replace parking lost to a taking by dedicating a portion of the remaining parcel to the same use (*see, e.g., Martabano v State of New York,* 120 AD2d 712; *Boyertown Burial Casket Co. v State of New York,* 38 AD2d 624; *see also, City of Yonkers v State of New York, supra*). Thus, the issue presented on the appeal is whether an award of consequential damages may be limited to the cost-to-cure when the proposed cure requires a permit from a governmental agency. There is no controlling authority addressing this issue, or addressing what must be demonstrated concerning the permit and who bears the burden of proof with respect thereto.

Although certain language in *Donaloio v State of New York (supra)*, the case relied upon by the Court of Claims, appears to address this issue, upon closer scrutiny, it is clear that the decision of the Court of Appeals in *Donaloio* rested upon an exception to the rule concerning the mitigation of damages not raised herein (*see, Wolfe v State of New York*, 22 NY2d 292; *cf., Matter of County of Schenectady*, 194 AD2d 1004, *lv denied* 83 NY2d 756; *B & B Food Corp. v State of New York*, 96 AD2d 893; *Windham v State of New York*, 34 AD2d 590, *lv denied* 27 NY2d 481; *Campbell v State of New York*, 39 AD2d 615, *affd* 32 NY2d 952). However, we discern no compelling public policy or other relevant consideration that would warrant a conclusion that a claimant's recovery of damages may never be limited to the amount of the cost-to-cure when the proposed cure requires a permit. Thus, we must only determine whether the State met its threshold burden of presenting evidence as to the likelihood that the permit would be issued (*see, Mayes Co. v State of New York*, 18 NY2d 549, *supra*; 4A Nichols, Eminent Domain § 14A.04 [2] [a] [rev 3d ed]). We find that it did not.

The State did not present any evidence as to the criteria used to decide an application for a curb cut, or any evidence that the curb cut proposed would meet such criteria. Rather, the State merely endeavored to prove, through cross-examination of the claimant's expert, that if all of the relevant (but undisclosed) criteria were met, a permit would issue as a matter of right, a conclusion which the claimant's expert challenged. Further, the State presented no evidence that the curb cut proposed would involve work wholly within the claimant's property (*see, Donaloio v State of New York, supra; B & B Food Corp. v State of New York, supra*). Indeed, the claimant's expert noted that permission for a curb cut entailed scrutiny by the DOT of the area surrounding the proposed curb cut and that the grant of a permit could be conditioned, for example, on the applicant agreeing to repair an adjacent public right of way. Moreover, the State's proposed cost-to-cure measure of damages does not appear to account for the expenses of applying for and securing the permit. In sum, there was a failure of proof, and accordingly, the Court of Claims did not err in declining to adopt the State's proposed cost-to-cure measure of the claimant's consequential damages. Therefore, the judgment is affirmed insofar as appealed from.

SULLIVAN, FLORIO and FEUERSTEIN, JJ., concur.

Ordered that the judgment is affirmed insofar as appealed from, with costs.