HAROLD MORELL, Respondent, v CHARLENE MORELL, Appellant. [716 NYS2d 736] —Spain, J. Appeal from a judgment of the Supreme Court (Coccoma, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered June 23, 1999 in Otsego County, upon a decision of the court.

Plaintiff and defendant began living together in 1973, were married in 1982 and separated in 1992. Plaintiff commenced this divorce action in January 1998. The parties have four children, three of whom were emancipated at the time of the trial. All issues except child support, maintenance and equitable distribution were resolved by stipulation. After a trial Supreme Court ordered, *inter alia*, an equitable distribution award which defendant challenges on this appeal. Defendant's main claim on appeal is that Supreme Court erred in awarding one half of her 401k and pension plans to plaintiff.

The record reveals that each party had a 401k retirement plan through their respective employers and defendant also had a pension plan. However, plaintiff's 401k plan had no value

because in January 1998—just prior to the commencement of this action—plaintiff withdrew the entire amount of $11,288.04 to pay for various allegedly necessary expenses including eyeglasses and extensive dental work. Plaintiff's payments for these expenses are supported in the record. Although the value of defendant's 401k plan at one time exceeded $27,000, at the time this action was commenced it was $15,467.25 and the value of her pension was $18,495. Notably, in the years preceding this action—in 1995 and 1996—defendant withdrew a total of $12,466.77 from her 401k plan. Defendant claims that these moneys were spent on education, travel and automobile expenses for their children. However, defendant presented no evidence to support her testimony. Supreme Court concluded that the 401k plan withdrawals by plaintiff ($11,288.04) and defendant ($12,466.77) offset each other and—by qualified domestic relations orders—awarded plaintiff a 50% share of all sums to which defendant was entitled from her 401k and pension plans valued at the time of the commencement of the action. There is ample record support for this distribution.

We next reject defendant's contention that plaintiff did nothing to aid defendant in increasing the value of her pension and 401k plans during their separation and, therefore, he should not receive any award based on the portion of those funds which accrued during that time. Equitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion (*see, Day v Day*, 152 AD2d 827). Here, neither party entered the marriage with assets. Throughout this long-term relationship and until the date of separation, plaintiff contributed his income to help support his family. After their separation, defendant and plaintiff continued to maintain a joint automobile insurance policy, plaintiff paid weekly child support, both parties maintained health insurance for the children and each party paid part of the real estate taxes for the marital home for 1993 to 1998. Defendant and the children resided in the residence from 1994 until the date of trial. Moreover, during the period of separation defendant was out of work on disability for two separate extended periods of time during which she did not accumulate 401k plan and pension benefits. Based on these facts, Supreme Court did not abuse its discretion in awarding a 50% equitable interest in defendant's pension and 401k plans to plaintiff.

Next, Supreme Court's finding—based upon its credibility determinations—that a copy of a purported waiver by plaintiff of defendant's pension and 401k plan benefits was ineffective

also is supported in the record. After defendant introduced the copy of the alleged waiver on the last day of trial, plaintiff denied ever having signed any type of waiver to defendant's retirement benefits. Moreover, the language in the document is ambiguous, at best, and defendant never produced the original or a certified copy. Based on the foregoing, Supreme Court justifiably credited plaintiff's testimony over that of defendant and held the purported waiver to be invalid.

Finally, defendant's contention that plaintiff owes her $127.38 in medical expenses pursuant to a Family Court child support order was never raised before Supreme Court and, thus, she is precluded from raising this issue for the first time here (*see, Abulhasan v Uniroyal-Goodrich Tire Co.*, 258 AD2d 728, 729; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.