■ CMRC, LTD., Appellant, v STATE OF NEW YORK, Respondent. [768 NYS2d 598]—

Judgment, Court of Claims, State of New York (Stephen Mignano, J.), entered on or about December 20, 2002, awarding claimant the principal sum of $5,854,550, unanimously affirmed, without costs.

The award of compensation for claimant's condemned parcel was based upon the appropriate factors and the court's findings were within the range of the evidence (*see Matter of City of New York [Reiss]*, 55 NY2d 885, 886 [1982]). While the property was under the cloud of condemnation, it was properly valued upon the premise that its highest and best use remained industrial rather than commercial because, among other reasons, nearby public transportation was lacking, the retail and art gallery growth in the area did not advance as far west as claimant's property, and a large, recently built recreational complex did not have the anticipated beneficial economic ripple effect. The court properly valued the building signage at the actual rental (*see Motsiff v State of New York*, 32 AD2d 729 [1969], *affd* 26 NY2d 692 [1970]) and properly declined to include any value for the exterior wall area that had not been rented for at least five years prior to the appropriation of the parcel. The capitalization rate applied was within the range of expert opinion (*see Matter of Habern Realty Co. v Tax Commn. of City of N.Y.*, 102 AD2d 302, 309 [1984]), and there is no basis to disturb the trial court's findings on this issue. The degree of comparability of other rentals proposed by the appraisers in seeking to assign an income for claimant's parcel as a predicate for determining its value, including the adjustments to value made by the court, are factual assessments within the discretion of the trial court (*Matter of County of Broome*, 133 AD2d 984, 986 [1987]; *see also*

*Levin v State of New York*, 13 NY2d 87, 92 [1963]), and its determinations were within the permissible ambit of such discretion.

We have considered appellant's other contentions and find them unavailing. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.