■ West 56th and 57th Street Corp., Appellant, v Lola Pearl et al., Respondents. West 56th and 57th Street Corp., Respondent, v Lola Pearl et al., Appellants. [662 NYS2d 312] ---Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered February 6, 1997, which, *inter alia*, granted plaintiff's motion for summary judgment on its causes of action seeking to void the subject lease under CPLR 6501 and Debtor and Creditor Law §§ 273 and 276, and awarded plaintiff possession of the subject apartment, unanimously affirmed, without costs. Appeal from order, same court (Angela Mazzarelli, J.), entered on or about January 7, 1994, which, *inter alia*, denied plaintiff's motion for partial summary judgment, unanimously dismissed, without costs, as academic.

The lease was properly held voidable under CPLR 6501 because of the notice of pendency filed by plaintiff's predecessor in connection with its successful foreclosure action against defendant's lessor, the sponsor of a condominium conversion, before the lease was entered into. The earlier "interim lease" entered into before the filing of the notice of pendency, under which defendant was to pay no rent in exchange for her renovating the apartment at her own expense, was correctly held to be an unenforceable agreement to agree on a later lease that was, in any event, voidable under Real Property Law § 294 because it was not filed. The lease was also properly held to be voidable under Debtor and Creditor Law §§ 273 and 276 because, at a time when the sponsor was insolvent, and with intent to hinder, delay or defraud creditors, it gave defendant, an employee of the sponsor, extraordinary rights to perpetual renewal leases with rents limited to those allowed under the Rent Stabilization Law, to assign and sublet without notice to or permission from the landlord, to exercise these rights without obligation to use the apartment as her primary residence, to allow occupancy by roommates without notice to or permission from the landlord, and a waiver of a security deposit, all supposedly in exchange for defendant's renovation of the apartment under the "interim lease". In view of the foregoing, plaintiff's appeal from the January 7, 1994 order, which denied its motion for partial summary judgment on different grounds, is academic and should be dismissed. Concur—Rosenberger, J. P., Wallach, Rubin, Tom and Colabella, JJ.