■ ALISON ROSE, Respondent, v MONTT ASSETS, INC., et al., Appellants. [673 NYS2d 406] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 1, 1997, which, insofar as appealed from as limited by the briefs, denied defendants' motion to vacate the notice of pendency filed against their property by plaintiff tenant, unanimously reversed, on the law, without costs, the motion granted, and the notice of pendency vacated.

Plaintiff is a former tenant of premises leased from defendant and subject to rent regulation. Her complaint, filed on or about February 7, 1996, alleges that she was overcharged and seeks treble damages in excess of $250,000. On May 5, 1997, plaintiff filed a notice of pendency against the premises, whereupon defendants moved for an order, *inter alia,* vacating the notice. Supreme Court denied the requested relief on the ground that defendants had not established a statutory basis for vacatur pursuant to CPLR 6514.

CPLR 6501 provides, in pertinent part: "A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." As the Court of Appeals has stated, "The usual object of filing a notice of *lis pendens* is to protect some right, title or interest claimed by a plaintiff in the lands of a defendant which might be lost under the recording acts in event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim" (*Braunston v Anchorage Woods,* 10 NY2d 302, 305).

The statutory bases for relief from the filing of a notice of pendency (CPLR 6514) presume that filing was valid in the first instance. It is axiomatic that a court possesses the inherent power to grant relief to an aggrieved party from any action

taken in violation of the procedural rules. As resort to filing of the notice requires no application before the court (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 319-320), the device is considered an extraordinary privilege, and the litigant must strictly comply with the statutory requirements (*supra*, at 321-323; *Israelson v Bradley*, 308 NY 511, 516). If the prescribed procedure has not been complied with, "the notice must be canceled" (*5303 Realty Corp. v O & Y Equity Corp., supra*, at 320).

Plaintiff's action seeks only monetary damages, making no claim to possession of the premises. Even in the context of a summary proceeding to recover possession under a lease, a notice of pendency is unavailable (CPLR 6501); it is a "basic concept" that a leasehold interest is deemed personalty (*Matter of Grumman Aircraft Eng'g Corp. v Board of Assessors*, 2 NY2d 500, 507; *Gyurek v 103 E. 10th Owners Corp.*, 128 Misc 2d 384, 385). Accordingly, we vacate the notice of pendency. Concur—Lerner, P. J., Nardelli, Wallach, Rubin and Mazzarelli, JJ.