■ GOTHAM FOOD GROUP ENTERPRISES, INC., Doing Business as KOSHER DELIGHT, Appellant, v PRINCIPAL MUTUAL LIFE INSURANCE COMPANY et al., Respondents. [699 NYS2d 366] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered January 7, 1999, which granted the motion of defendant Principal Mutual Life Insurance Company for summary judg-

ment dismissing the complaint, and denied plaintiff's cross motion to compel discovery and to remove and consolidate a related Civil Court proceeding, unanimously modified, on the law, to declare that plaintiff is not a tenant of the subject premises, and otherwise affirmed, without costs.

Plaintiff, although claiming to possess a 12-year lease to the subject commercial premises, admits that no writing evidencing such a lease has ever been signed by defendant landlord, or anyone on its behalf. Plaintiff acknowledges the applicability of the Statute of Frauds to the alleged oral lease (see, General Obligations Law § 5-703 [2]), but argues that the alleged lease is removed from the ambit of the statute by reason of partial performance unequivocally referable thereto. We reject that contention. Plaintiff's monthly payments to defendant landlord's receiver were not unequivocally referable to the alleged lease since plaintiff made these payments and defendant accepted them pursuant to a stipulation in a non-payment proceeding. Moreover, even if the Statute of Frauds did not render the alleged oral lease void, plaintiff failed to adduce evidence sufficient to raise an issue of fact as to the existence of an enforceable agreement. Indeed, plaintiff's vice-president admitted in his deposition that no agreement was ever reached as to at least one of the alleged lease's essential terms, the amount of rent plaintiff was to pay. Plaintiff's further contention that, even if it is not entitled to a lease, it nonetheless stands in some kind of landlord-tenant relationship with defendant Principal Mutual, is also without merit. Contrary to plaintiff's argument, there is insufficient evidence to raise a triable issue as to whether the parties intended to afford plaintiff the status of a tenant. Nor was a tenancy in plaintiff's favor created by plaintiff's dealings with defendant landlord's receiver. Plaintiff simply paid the receiver use and occupancy pursuant to stipulations and orders of the Civil Court so as to remain in the premises while a warrant of eviction was stayed to allow the parties a chance to negotiate a lease.

We have reviewed plaintiff's remaining arguments and find them unavailing.

As the complaint seeks declaratory relief, we modify only to the extent of declaring that plaintiff is not a tenant of the subject premises. Concur—Lerner, J. P., Saxe, Buckley and Friedman, JJ.