■ INSILCO CORPORATION, Appellant, v STAR SERVICES, INC. OF DELAWARE, et al., Respondents. (Action No. 1.) STAR SERVICES, INC. OF DELAWARE, Appellant, v INSILCO CORP., Respondent. (Action No. 2.) [700 NYS2d 182] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about May 17, 1999, which, in an action by a seller of assets against the buyer on a promissory note and for fraudulent conveyance, and an action by the buyer against the seller for, *inter alia*, fraud, *inter alia*, dismissed both actions, unanimously modified, on the law, to grant summary judgment in favor of the seller on its cause of action on the promissory note, and the matter remanded for further proceedings in connection therewith, and otherwise affirmed, without costs.

The seller should not have been judicially estopped from enforcing the note by reason of its having given it a zero value in its bankruptcy schedule (cf., In re Kelley, 163 Bankr 27, 34). The Bankruptcy Court itself did not adopt this position when, upon consent of the parties, it awarded the buyer an offset against the face value of the note, and it also does not appear that the seller benefitted from such valuation (see, Guarino v Guarino, 211 AD2d 463, 464) under a reorganization in which its general unsecured creditors were given its common stock, and it therefore cannot be said that the seller was attempting to place the note out of their reach. The seller is entitled to summary judgment on the note, the senior indebtedness to which the note was made subordinate having lost its seniority when its maturity date was extended more than one year. The buyer's action was properly dismissed, the documentary evidence clearly demonstrating that the seller disclaimed any representations regarding the collectibility of the assets (see, Capstone Enters. v County of Westchester, 262 AD2d 343, 344), and that the buyer assumed the risk of the transaction (see, Chimento Co. v Banco Popular, 208 AD2d 385). Nor is there merit to the buyer's claim of a fiduciary relationship necessary to its cause of action for negligent misrepresentation (see, Murphy v Kuhn, 90 NY2d 266, 270). Concur—Nardelli, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.