**Michael BLANCHARD and Lew Markus, Plaintiffs,**

v.

**Sherri L. EISENPRESS, et al., Defendants.**

**No. 01 Civ. 9127.**

United States District Court, S.D. New York.

April 29, 2002.

Statement Regarding Motion to Dismiss April 26, 2002.

Michael Blanchard, c/o Lew Markus, Toms River, NJ, plaintiff pro se.

### *ORDER*

MARRERO, District Judge.

On November 26, 2001 defendants filed a motion to dismiss plaintiffs' complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 20, 2001, plaintiffs filed an opposition to the motion and a cross-motion for a stay on January 7, 2002, defendants filed a reply. On April 26, 2002, the Court heard oral argument on the matter. For the reasons set forth in the statement made by the Court on the record at the April 26, 2002 Hearing, a copy of which is attached hereto and incorporated herein, the Court grants defen-

dants' motion and denies plaintiffs' cross-motion. Accordingly, it is hereby

**ORDERED** that defendants' motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), is GRANTED; and it is further

**ORDERED** that plaintiffs' cross-motion for a stay of defendants' collection of rents from the premises at issue in this case is DENIED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

## Statement of the Court Regarding Defendant's Motion to Dismiss

MARRERO, District Judge.

Plaintiffs Michael Blanchard and Lew Markus, appearing *pro se* in this matter, filed this action invoking the Court's diversity jurisdiction. They allege that defendants engaged in tortious interference with certain five-year leases plaintiffs claim they entered into with the St. Stephens Bible College Realty Management Corp. ("St.Stephens") related to twelve apartment units in the premises located at 357 West 116th Street, New York, New York (the "Premises"). Defendant Sherri L. Eisenpress ("Eisenpress") is a member of the law firm of Shatzkin, Reiss & Eisenpress, which is also named as a defendant in this action. Eisenpress was appointed to be the temporary receiver of the Premises by Court Order in a foreclosure action brought in May, 2000 by the mortgagee, Chase Manhattan Mortgage Corporation, in new York State Supreme Court, New York County. Defendants Ray Clive and Clive Corporation are the management agents hired by Eisenpress to provide maintenance and collect rents from tenants of the Premises.

In carrying out her functions as receiver, Eisenpress served the tenants of the Premises with a Notice to Attorn, a copy of which was attached to the Complaint and therefore properly considered by this Court on a motion to dismiss. The notice directed the tenants to pay their rent to Eisenpress as receiver, through Clive, her agent. Plaintiffs claim that in so acting, Eisenpress and Clive failed to recognize plaintiffs' leasehold rights to the Premises and thereby induced the subtenants to breach their agreements to pay rent to plaintiffs.

Defendants move pursuant to Fed. R.Civ.P. 12(b)(6) for dismissal of the complaint for failure to state a claim upon which relief may be granted. Plaintiffs cross-moved for an order staying Eisenpress and Clive from collecting rents from or otherwise contacting tenants of the Premises. For the reasons discussed below, the Court grants the defendants' motion.

First, the Court finds that the plaintiffs' pleadings are insufficient to set forth each of the material elements of a tortious interference action under New York law. Nor does the complaint suggest any other cognizable legal theory upon which the pleadings state a viable cause of action against Eisenpress or Clive.

A claim for tortious interference with contractual relations under New York law requires factual allegations sufficient to establish: (1) the existence of a valid contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendants's intentionally procuring a breach of the contract; and (4) damages suffered by plaintiff. *See Foster v. Churchill,* 87 N.Y.2d 744, 642 N.Y.S.2d 583, 665 N.E.2d 153, 157 (1996)

Construing plaintiffs' allegations in the light most favorable to them, as this Court must do when considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the contracts on which plaintiffs base their

complaint are the subleases held by the subtenants of the Premises (hereinafter the "Subleases"), entered into pursuant to the Lease (hereinafter the "Lease") plaintiffs assert they hold from St. Stephens. Plaintiffs attached a copy of what purports to be the Lease encompassing each of the twelve units of the Premises. The Lease date indicated on each agreement, as well as on an Addendum purporting to memorialize a prior oral agreement, is May 1, 2001. That date is subsequent to the commencement date of the underlying foreclosure action pertaining to the Premises and a related entry of a Notice of Pendency, both filed with the state court on May 24, 2000.

St. Stephens is listed as a party given notice of the pendency of that foreclosure action. By the state court's Order Appointing Temporary Receiver in Foreclosure Action entered on April 23, 2001 and also listing St. Stephens as a defendant, all named and other interested parties were "enjoined and restrained from collecting the rents of [the Premises] and from interfering in any manner with the property or its possession." *Chase Manhattan Bank Corp. v. St. Stephens,* Index No. 00–111756, (Sup.Ct., N.Y. County, April 23, 2001). The Court takes judicial notice of this Order as it is cited in the documents attached to plaintiffs' complaint.

Thus, whatever leasehold interest in the Premises plaintiffs may have acquired from St. Stephens was conveyed long after the effective date of the Notice of Pendency informing the named parties of the existence of the foreclosure proceedings, and even subsequent to the appointment of Eisenpress as Temporary Receiver. Pursuant to New York law, a notice of pendency in an action affecting title, enjoyment or possession of real property serves as constructive notice, from the time of its filing, to any defendant named in the no-

tice and any subsequent purchaser. *See* N.Y.C.P.L.R. § 6501 (McKinney 2001). Moreover, any person whose conveyance is recorded after the filing of the notice "is bound by all proceedings taken in the same action after such filing to the same extent as a party." *Id.* The filing of the notice is presumed valid and may be cancelled only for reasons specified in the statute. *See Rose v. Montt Assets, Inc.,* 250 A.D.2d 451, 673 N.Y.S.2d 406 (App. Div. 1st Dep't 1998). A lease agreement entered into after the notice of pendency is voidable. *See West 56th and 57th St. Corp. v. Pearl,* 242 A.D.2d 508, 662 N.Y.S.2d 312, 313 (App.Div. 1st Dept. 1997).

Moreover, because the Lease documents plaintiffs attached to the complaint appear incomplete, it is not clear precisely what constitutes their Lease. For example, the attachment appears to contain the first page of twelve individual Residential Lease Agreements, each covering a separate unit of the Premises. None of those individual pages contain signatures. There is a signature page included at the end of the document, but it does not identify who the parties are and is executed with a *single* signature purportedly on behalf of Landlord. The line for the tenant's signature is unsigned and the alleged notarization is barely legible and contains an incomplete date. The Addendum also included raises doubts as to what agreement it pertains to, as it identifies as Landlord St. Stephen's Baptist Church, rather than the record owner—St. Stephens Bible College Realty Management Corp.—but does not indicate the Tenant. These defects raise serious doubts as to whether the purported Lease or the separate unit leases comply with all procedural and substantive requirements of New York Law to constitute a valid conveyance of an interest in real property. The Court notes that plaintiffs attached an undated addendum

to their complaint, indicating that the purported written lease for five years memorializes an oral agreement reached on June 1, 2000. Even if such an oral agreement was, in fact, entered into between St. Stephens and the plaintiffs, it would have violated the Statute of Frauds and been void and unenforceable. *See* N.Y.Gen. Oblig. § 5–703[2] (McKinney 2001) (requiring that a lease of real property for more than one year be in writing and signed by the parties); *see also Gotham Food Group Enterprises, Inc. v. Principal Mutual Life Insurance, Co.,* 267 A.D.2d 48, 699 N.Y.S.2d 366, 367 (App.Div. 1st Dept. 1999).

Plaintiffs also fail to satisfy the second element of a cause of action for tortious interference with a contract. A claim for tortious interference with contract cannot satisfy the second element of the cause of action where the defendant's action consists of exercising an equal or superior right that causes a third party to breach an otherwise valid contract, so long as the alleged interference was not motivated by malice or employed illegal means. *See Foster,* 642 N.Y.S.2d 583, 665 N.E.2d at 156–157; *Felsen v. Sol Café Mfg. Corp.,* 24 N.Y.2d 682, 301 N.Y.S.2d 610, 249 N.E.2d 459, (1969); *see also Murtha v. Yonkers Child Care Ass'n,* 45 N.Y.2d 913, 411 N.Y.S.2d 219, 383 N.E.2d 865, (1978).

In serving the Notice to Attorn and seeking to collect rents from tenants of the Premises, Eisenpress was acting with just cause as Temporary Receiver and carrying out a legal duty, pursuant to a presumptively valid court Order that created a right to collect the rents of the Premises' tenants that was superior to plaintiffs' subsequent interest in the Premises and its rents. Although plaintiffs have made a number of conclusory statements alleging fraud in connection with the mortgage covering the Premises and procedural defects in the foreclosure proceedings, nothing in the complaint asserts that Eisenpress or Clive acted in bad faith, or employed illegal means or in any way were involved in any wrongdoing. Plaintiffs' stated cause of action is not one claiming any fraud by Eisenpress or Clive.

Finally, in accordance with N.Y.C.P.L.R. § 6501, because plaintiffs purport to have acquired whatever leasehold interest they hold in the Premises after the filing of the Notice of Pendency, they are bound by the state court foreclosure proceedings and orders rendered in that action to the same extent as if they were parties to those proceedings. *See* N.Y.C.P.L.R. § 6501 (McKinney 2001). Plaintiffs are therefore subject to the April 23, 2001 Order appointing Eisenpress as Temporary Receiver and authorizing her to collect tenant rents at the Premises. To the extent plaintiffs take issue with the validity or results of those proceedings and may have any grounds under state law to challenge what has transpired there, they must pursue their remedies in the pending foreclosure litigation, instead of mounting an indirect collateral attack on the state court action by means of the instant case.

In response to defendants' motion, Plaintiffs contend that they were never made parties to the state court foreclosure action pertaining to the premises; that a leasehold is personal property, not a conveyance nor an interest in real property and thus that there is no statutory provision requiring the recording of a lease; and thus that the filing of a notice of pendency does not affect the creation of a lease. Plaintiffs assertions are wrong as a matter of law. Leasehold interests are covered by New York Property Law Article 9 and thus are both required to be recorded and are affected by the filing of a notice of pendency. *See* N.Y.Prop.Law § 294 (McKinney 2001); N.Y.C.P.L.R.

§ 6501 (McKinney 2001); *see also West 56th and 57th Street Corp. v. Pearl,* 242 A.D.2d 508, 662 N.Y.S.2d 312, 313 (App. Div. 1st Dep't 1997).

Finally, the Court concludes that leave to re-plead is unwarranted under the circumstances presented in this case. Although leave to replead "shall be freely given when justice so requires" under Fed. R.Civ.P. 15(a), such leave is not required if there are defects in a plaintiff's complaint which are incurable. *See Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 516 (S.D.N.Y.1997); *see also Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (2d Cir.1991) ("[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice") (citing *Spain v. Ball,* 928 F.2d 61, 62–63 (2d Cir.1991) (per curiam)). In the instant case, there are simply no additional facts that would support plaintiffs' claims for relief. Plaintiffs had constructive notice of the foreclosure proceedings and their alleged property interests in the subleases were created after Eisenpress was appointed as Receiver. As discussed above, the purported oral agreement is invalid as a matter of law. Accordingly, there is simply no theory under which Eisenpress or the other defendants could be held liable for tortious interference with the plaintiffs' sub-leases.