■ INSILCO CORPORATION, Respondent, v STAR SERVICES, INC. OF DELAWARE et al., Appellants. [769 NYS2d 272]—

Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered November 13, 2002, after a nonjury trial, inter alia, setting aside the transfer of a townhouse as a fraudulent conveyance, and directing the sheriff to levy on the property and apply the proceeds to satisfy a previously entered judgment in plaintiff's favor, unanimously affirmed, with costs.

The challenged transfer of the subject townhouse, from defendant Star Services to defendant PRD Holdings, was properly set aside for both constructive and actual fraud (Debtor and Creditor Law §§ 273, 276). Circumstances demonstrating the lack of good faith element of constructive fraud include Star's admitted insolvency at the time of the transfer; the sole ownership of both defendants by the same individual; the effective eradication of the mortgage on the townhouse by that individual's brother in exchange for an unsecured guarantee in a far lesser amount; and the imminence of the due date of plaintiff's note at the time of PRD's organization, which had no apparent purpose other than to hold title to the townhouse (*see Southern Indus. v Jeremias*, 66 AD2d 178, 183-184 [1978]; *48-48 Assoc. v Piccoli*, 243 AD2d 291 [1997]). Nor does any basis exist to disturb the trial court's valuation of the townhouse (*see Matter of County of Broome [Miller Facilities Corp.]*, 133 AD2d 984, 986 [1987]; *see also Levin v State of New York*, 13 NY2d 87, 92 [1963]), and its finding based thereon that the consideration paid by PRD was not a fair equivalent. In the latter regard, permissible commercial use is the common denominator between the townhouse and four of plaintiff's six comparables. Badges of fraud demonstrating actual fraud include the above circumstances relevant to constructive fraud; Star's long-standing default on the debt that was originally senior to plaintiff's note (*see* 267 AD2d 143 [1999]) and defendants' sole shareholder's continued control of the townhouse after the transfer (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1999]; *Nonas v Romantini*, 271 AD2d 292 [2000]). The judgment does not give plaintiff an excessive remedy and is not in derogation of the rights of the sole shareholder's brother, who assisted defendants in effecting their overall plan, and, in any event, was aware of the litigation and could have sought to intervene. The pretrial order denying defendants' motion for partial summary judgment "as per decision rendered today" is unreviewable in the absence of a record copy of that decision (*see DiPasquale v Security Mut. Life Ins. Co.*, 293 AD2d 394, 395 [2002]). In any event, defendants failed to make a sufficient

prima facie showing of entitlement to summary judgment (*see Matter of Kaszirer v Kaszirer*, 298 AD2d 109 [2002]). We have considered defendants' other contentions and find them unavailing. Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.