■ ELIAS RASABI, Appellant, v SHLOMO RASABI, Also Known as STEVE RASABI, et al., Respondents, et al., Defendant. STEVE RASABI et al., Respondents, v ELIAS RASABI, Also Known as ELIAS RASABY, et al., Appellants, et al., Defendant. [776 NYS2d 803]—

Order and judgment (one paper), Supreme Court, New York

County (Paula J. Omansky, J.), entered April 2, 2003, which, after a nonjury trial, inter alia, dismissed the complaint, declared Elias Rasabi and Shlomo/Steve Rasabi tenants in common of a certain building, directed its partition but stayed partition and sale pending a determination of the rights of Sivan and Zipora Rasaby, appointed a temporary receiver, and directed that Elias Rasabi provide an accounting; order and judgment (one paper), same court and Justice, entered April 16, 2003, which, after a nonjury trial in a separate action, declared two leases null and void as fraudulent under Debtor and Creditor Law § 276, awarded Steve Rasabi attorneys' fees pursuant to Debtor and Creditor Law § 276-a, and dismissed the counterclaims in that action; and judgment, same court and Justice, entered September 26, 2003, which awarded Steve Rasabi attorneys' fees in the amount of $102,898, unanimously affirmed, all with one bill of costs payable by appellants to the Rasabi respondents. Appeal from order, same court and Justice, entered September 23, 2003, unanimously dismissed, without costs.

The trial court's findings, resting largely on credibility determinations, are supported by a fair interpretation of the evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). Reformation of the deed was unwarranted since the evidence showed that Elias Rasabi was aware of the correct title and there was thus neither mutual mistake nor scrivener's error (cf. Ebasco Constructors v Aetna Ins. Co., 260 AD2d 287, 290 [1999]). Moreover, there was no need for reformation under the October 12, 1999 agreement, which clearly supplanted a prior agreement. The October agreement was valid, as the court had earlier found in dismissing the defense of duress (see Benjamin Goldstein Prods. v Fish, 198 AD2d 137, 138 [1993]). In any event, the agreement was ratified (see Matter of Guttenplan, 222 AD2d 255, 257 [1995], lv denied 88 NY2d 812 [1996]). These leases, entered on terms extraordinarily favorable to the tenants (a relative and a friend), for meager consideration and without any apparent commercial purpose, with the purported lessor retaining most of the elements of control, were replete with "[b]adges of fraud" (see Insilco Corp. v Star Servs., Inc. of Del., 2 AD3d 343, 344 [2003]; Wall St. Assoc. v Brodsky, 257 AD2d 526 [1999]; see also West 56th & 57th St. Corp. v Pearl, 242 AD2d 508 [1997]).

We have considered appellants' other contentions and find them unavailing.

Motion seeking to amend this Court's order of April 13, 2004 (M-1327) and to add Mark Fischler as a party to these appeals granted. Concur—Mazzarelli, J.P., Saxe, Sullivan, Marlow and Gonzalez, JJ.