OPINION OF THE COURT
Arthur M. Schack, J.
In these two related actions, attempting to foreclose on a mortgage for condominium unit 1A, at 1229 President Street, Brooklyn, New York (block 1276, lot 1001, County of Kings), GE Capital Mortgage Services, Inc. alleges to be the plaintiff. GE moves for: summary judgment, pursuant to CPLR 3212, to dismiss the answer and affirmative defenses of defendant Nina Cohen in action No. 2; consolidation of the two actions and amending the caption, pursuant to CPLR 602; and the appointment of a referee to compute the amount due to plaintiff under the note and mortgage, pursuant to RPAPL 1321 and CPLR 4311.
There are a number of issues presented in this case with respect to the succession of ownership to the condominium unit. However, the putative plaintiff GE cannot meet its burden of proof for summary judgment, or the other relief requested, because it lacks standing. It has not been the holder of the underlying note and mortgage at issue since March 9, 2005. Therefore, summary judgment is denied. The complaints in both action Nos. 1 and 2 are dismissed. The Kings County Clerk is directed to cancel GE’s March 10, 2006 notice of pendency, docketed on March 17, 2006, against the real property located at block 1276, lot 1001, County of Kings.
Background
Victor Powell, by Mendel Cohen, attorney-in-fact, and Edith S. Powell, by Nina Cohen, attorney-in-fact, borrowed $198,000 from Travelers Mortgage Services, Inc. on January 4, 1990. They executed a 30-year note and a mortgage to secure the loan for condominium unit 1A at 1229 President Street, Brooklyn, New York. The mortgage and note were recorded in the Office of the City Register, New York City Department of Finance, on February 5, 1990, at reel 2511, page 724 (exhibit G of motion). My check of the Automated City Register Information System (ACRIS) Web site of the Office of the City Register, New York City Department of Finance, verified this.
However, counsel for both plaintiff and defendant Cohen have failed to notify the court that putative plaintiff GE, the succes *230 sor in interest through mergers and name changes to Travelers Mortgage Services, Inc., assigned the instant mortgage on March 9, 2005 to Wells Fargo Bank, N.A. ACRIS shows that the March 9, 2005 assignment was recorded on May 12, 2005, at City Register file number 2005000274561. Therefore, putative plaintiff GE has not owned the mortgage for more than 2V2 years and has no standing to pursue the foreclosure. Further, in action No. 1, there is an active notice of pendency, docketed on March 17, 2006, with the Kings County Clerk, for the instant premises by GE, despite GE assigning the mortgage to Wells Fargo more than one year prior to this date.
Despite these facts, putative plaintiff GE presents an affidavit (exhibit E of motion) by China Brown, who is “Vice President of Wells Fargo Home Mortgage the servicing agent for the Plaintiff,” and has no power of attorney to act for GE. The Brown affidavit states (para 6), “Plaintiff [GE] is now the owner and holder of the Note and Mortgage by virtue of a bank merger with the original lender.” This inaccurate statement was made on June 20, 2007, 833 days subsequent to GE’s assignment of the note and mortgage to Wells Fargo. The court also notes that China Brown is vice-president of Wells Fargo Home Mortgage, not the assignee, Wells Fargo Bank, N.A.
Plaintiffs counsel, in the verified complaint (para 4) in action No. 2, states, “The Plaintiff [GE] is still the owner and holder of the Note and Mortgage by virtue of a bank merger with the original lender.” Then, in his December 8, 2006 affirmation to the verified complaint in action No. 2, 639 days subsequent to GE’s assignment to Wells Fargo, he states, “The grounds of affirmant’s belief as to all matters not stated upon affirmant’s knowledge are as follow: Memoranda, bills and papers within affirmant’s file, including the Agreement, mortgage and assignments, if any. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.” (Emphasis added.)
It is clear that GE has not owned the mortgage and note in the instant foreclosure action since March 9, 2005. Therefore, GE’s motion for summary judgment is denied, both complaints are dismissed, and the notice of pendency docketed on March 17, 2006 for the subject condominium unit is cancelled.
Summary Judgment Standard
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of *231 law, tendering sufficient evidence to eliminate any material issues of fact from the case. (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957].) Failure to make such a showing requires denial of the motion regardless of the sufficiency of the opposing papers. (Matter of Redemption Church of Christ of Apostolic Faith v Williams, 84 AD2d 648, 649 [3d Dept 1981]; Greenberg v Manlon Realty, 43 AD2d 968, 969 [2d Dept 1974]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985].)
CPLR 3212 (b) requires that for a court to grant summary judgment the court must determine if the movant’s papers justify holding as a matter of law “that there is no defense to the cause of action or that the cause of action or defense has no merit.” The evidence submitted in support of the movant must be viewed in the light most favorable to the nonmovant. (Marine Midland Bank v Dino & Artie’s Automatic Transmission Co., 168 AD2d 610 [2d Dept 1990].) Once the movant has established his or her prima facie case, the party opposing a motion for summary judgment bears the burden of “producing] evidentiary proof in admissible form sufficient to require a trial of material questions of fact . . . mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient” (Zuckerman v City of New York at 562; see also Romano v St. Vincent’s Med. Ctr. of Richmond, 178 AD2d 467, 470 [2d Dept 1991]; Tessier v New York City Health & Hosps. Corp., 177 AD2d 626 [2d Dept 1991]). Summary judgment shall be granted only when there are no issues of material fact and the evidence requires the court to direct judgment in favor of the movant as a matter of law. (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979].)
Discussion
It is clear that GE has failed to meet its CPLR 3212 (b) evidentiary burden requiring that summary judgment be granted, “if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” GE no longer owns the note and mortgage, and thus lacks standing. The Court of Appeals instructed that “[standing to sue is critical to the proper functioning of the judicial system. It is a threshold issue. If standing is denied, the pathway to the courthouse is blocked. The plaintiff who has standing, however, *232 may cross the threshold and seek judicial redress.” (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812 [2003], cert denied 540 US 1017 [2003].)
Professor David Siegel, in New York Practice § 136 (at 232 [4th ed]), instructs that
“[i]t is the law’s policy to allow only an aggrieved person to bring a lawsuit ... A want of ‘standing to sue’, in other words, is just another way of saying that this particular plaintiff is not involved in a genuine controversy, and a simple syllogism takes us from there to a ‘jurisdictional’ dismissal: (1) the courts have jurisdiction only over controversies; (2) a plaintiff found to lack ‘standing’ is not involved in a controversy; and (3) the courts therefore have no jurisdiction of the case when such a plaintiff purports to bring it.”
In Caprer v Nussbaum (36 AD3d 176, 181 [2d Dept 2006]), the Court held that “[s]tanding to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant’s request.” If a plaintiff lacks standing to sue, the plaintiff may not proceed in the action. (Stark v Goldberg, 297 AD2d 203 [1st Dept 2002].)
It is clear that plaintiff GE lacked standing to foreclose , on the instant mortgage and note since the March 9, 2005 assignment to Wells Fargo. The Court, in Campaign v Barba (23 AD3d 327 [2d Dept 2005]), instructed that “[t]o establish a prima facie case in an action to foreclose a mortgage, the plaintiff must establish the existence of the mortgage and the mortgage note, ownership of the mortgage, and the defendant’s default in payment” (emphasis added; see Witelson v Jamaica Estates Holding Corp. I, 40 AD3d 284 [1st Dept 2007]; Household Fin. Realty Corp. of N.Y. v Winn, 19 AD3d 545 [2d Dept 2005]; Sears Mtge. Corp. v Yaghobi, 19 AD3d 402 [2d Dept 2005]; Ocwen Fed. Bank FSB v Miller, 18 AD3d 527 [2d Dept 2005]; U.S. Bank Trust N.A. Trustee v Butti, 16 AD3d 408 [2d Dept 2005]; First Union Mtge. Corp. v Fern, 298 AD2d 490 [2d Dept 2002]; Village Bank v Wild Oaks Holding, 196 AD2d 812 [2d Dept 1993]).
Since GE no longer has ownership of the mortgage and note, the court must not only deny the instant summary judgment motion and related requested relief, but dismiss both related foreclosure actions.
With dismissal of the complaint, the March 10, 2006 notice of pendency filed by GE in action No. 1 with the Kings *233 County Clerk, on March 17, 2006, must be cancelled. CPLR 6501 provides that the filing of a notice of pendency against a property is to give constructive notice to any purchaser of real property or encumbrancer against real property of an action that “would affect the title to, or the possession, use or enjoyment of real property, except in a summary proceeding brought to recover the possession of real property.” Professor David Siegel, in New York Practice § 334 (at 534 [4th ed]), observes about a notice of pendency that
“[t]he plaintiff files it with the county clerk of the real property county, putting the world on notice of the plaintiffs potential rights in the action and thereby warning all comers that if they then buy the property or lend on the strength of it or otherwise rely on the defendant’s right, they do so subject to whatever the action may establish as the plaintiffs right.”
The Court of Appeals, in 5303 Realty Corp. v O & Y Equity Corp. (64 NY2d 313, 315 [1984]), commented that “[a] notice of pendency, commonly known as a ‘lis pendens,’ can be a potent shield to litigants claiming an interest in real property.” The Court (at 318-320) outlined the history of the doctrine of lis pendens back to seventeenth century England. It was formally recognized in New York courts in 1815 and first codified in the Code of Procedure (Field Code) enacted in 1848. The Court stated (at 319) that “[t]he purpose of the doctrine was to assure that a court retained its ability to effect justice by preserving its power over the property, regardless of whether a purchaser had any notice of the pending suit,” and (at 320) “the statutory scheme permits a party to effectively retard the alienability of real property without any prior judicial review.”
In Israelson v Bradley (308 NY 511, 516 [1955]), the Court observed that with a notice of pendency a plaintiff who has an interest in real property has received from the State
“an extraordinary privilege which . . . upon the mere filing of the notice of a pendency of action, a summons and a complaint, and strict compliance with the requirements of section 120 [of the Civil Practice Act, now codified in CPLR 6501, 6511 and 6512] is required. Proper administration of the law by the courts requires promptness on the part of a litigant so favored and that he accept the shield which has been given him upon the terms imposed, and that he not be permitted to so use the privilege *234 granted that it becomes a sword usable against the owner or possessor of realty. If the terms imposed are not met, the privilege is at an end.” (Emphasis add-, ed.)
Article 65 of the CPLR outlines notice of pendency procedures. The Court, in Da Silva v Musso (76 NY2d 436, 442 [1990]), held that “the specific statutorily prescribed mechanisms for implementing this provisional remedy . . . were designed with a view toward balancing the interests of the claimant in the preservation of the status quo against the equally legitimate interests of the property owner in the marketability of his title.” The Court of Appeals quoted Professor Siegel in holding that “[t]he ability to file a notice of pendency is ‘a privilege that can be lost if abused’ (Siegel, New York Practice § 336, at 512).” (Matter of Sakow, 97 NY2d 436, 441 [2002].)
The instant case, with GE lacking standing to bring this action subsequent to March 9, 2005, and the complaint dismissed, meets the criteria for losing “a privilege that can be lost if abused.” CPLR 6514 (a) provides for the mandatory cancellation of a notice of pendency:
“The court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512; or if the action has been settled, discontinued or abated-, or if the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519.” (Emphasis added.)
The plain meaning of the word “abated,” as used in CPLR 6514 (a), is the ending of an action. Abatement is defined (Black’s Law Dictionary 2 [7th ed 1999]) as “[t]he act of eliminating or nullifying.” “ ‘An action which has abated is dead, and any further enforcement of the cause of action requires the bringing of a new action, provided that a cause of action remains’ (2A Carmody-Wait 2d § 11.1).” (Nastasi v Nastasi, 26 AD3d 32, 40 [2d Dept 2005].) Further, the Nastasi Court (at 36) held that
“ [cancellation of a notice of pendency can be granted in the exercise of the inherent power of the court where its filing fails to comply with CPLR 6501 (see 5303 Realty Corp. v O & Y Equity Corp., supra at 320-321; Rose v Montt Assets, 250 AD2d *235 451, 451-452 [1998]; Siegel, NY Prac § 336 [4th ed]).”
As GE now lacks standing to sue, the dismissal of both GE complaints must result in the mandatory cancellation of GE’s notice of pendency against the property “in the exercise of the inherent power of the Court.”
Conclusion
Accordingly, it is ordered that the motion of plaintiff GE Capital Mortgage Services, Inc. for summary judgment, pursuant to CPLR 3212, to dismiss the answer and affirmative defenses of defendant Nina Cohen in action No. 2; consolidation of the two actions and amending the caption, pursuant to CPLR 602; and the appointment of a referee to compute the amount due to plaintiff under the note and mortgage, pursuant to RPAPL 1321 and CPLR 4311, is denied; and it is further ordered that both action No. 1, index No. 43410/00, and action No. 2, index No. 38113/06, are dismissed; and it is further ordered that the notice of pendency, dated March 10, 2006, docketed by the Kings County Clerk on March 17, 2006, filed by plaintiff GE Capital Mortgage Services, Inc. in an action to foreclose a mortgage for real property located at 1229 President Street, Brooklyn, New York (block 1276, lot 1001, County of Kings), is cancelled.