■ EDWARD CARTER, Respondent, v ESTHER YANG CARTER, Appellant. [854 NYS2d 118]—

As an initial matter, the order granting defendant poor person relief pertains only to the appeals taken from the orders entered December 29, 2006 and August 30, 2007. Since there is therefore no record properly before this Court with respect to the 16 additional orders from which defendant purports to appeal, the additional orders are not reviewable (*see Insilco Corp. v Star Servs., Inc. of Del.*, 2 AD3d 343, 344 [2003]; *DiPasquale v Security Mut. Life Ins. Co. of N.Y.*, 293 AD2d 394, 395 [2002]).

In any event, defendant's claims are without merit. Her allegations concerning plaintiff's mental status and medical and educational neglect of the parties' child are without basis in the record. We reject the argument that plaintiff neglected the child's educational needs by keeping her enrolled at a public school on Staten Island that was described as a "failing school" under the federal No Child Left Behind Act. It was reasonable for plaintiff to keep the child close to home while seeking to have her admitted to one of the three top-performing schools on Staten Island.

The court properly found that the increased disability payments that defendant alleges were received by plaintiff did not change the income imputed to him during the divorce proceedings.

We have considered defendant's remaining arguments and find them without merit. Concur—Tom, J.P., Friedman, Nardelli, Catterson and Moskowitz, JJ.