■ TAG 380, LLC, Appellant, v ESTATE OF HOWARD P. RONSON, Deceased, et al., Respondents, et al., Defendant. [931 NYS2d 319]—

Plaintiff did not abandon its appeal from the July 26, 2005 order and judgment imposing sanctions by unilaterally withdrawing its unperfected appeal (*cf. Garsson v National Rubber Mach. Co.*, 271 App Div 770 [1946]). However, it failed to preserve its claim that, if sanctions were imposed, they should be imposed against its attorney only. While defendants expressly sought sanctions against plaintiff, the record is devoid of any argument before the motion court that the sanctions should not be imposed against plaintiff, as distinct from its attorney. It is telling that plaintiff, which was obligated to present a complete record on its appeal (*see e.g. Carter v Carter*, 49 AD3d 427 [2008]), managed to include in the record defendants' extensive memoranda seeking sanctions but not its own memorandum in opposition. If we were to address the merits of this contention, we would agree with the motion court that, in light of the untenable factual allegations in the complaint as well as the vexatious litigation history of Sheldon Solow, plaintiff's principal, the sanction was properly imposed against plaintiff.

The Special Referee's findings as to the amount of reasonable attorneys' fees are supported by the record (*see Steingart v Hoffman*, 80 AD3d 444 [2011]). That the complaint was ultimately found to be frivolous does not mean that defendants' attorneys did not justifiably expend extensive efforts to obtain dismissal at an early juncture, before the litigation could engender costly and protracted discovery. Plaintiff's expert testimony on the reasonableness of attorneys' fees was properly barred, as the Special Referee was capable of determining this nontechnical and nonscientific issue independently.

We have considered plaintiff's other contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31393(U).]**