BH 2628, LLC, Appellant,
against
Zully's Bubbles Laundromat, Inc., Respondent, et al., Undertenants.




Stern & Stern, Esqs. (Pamela Smith, Esq.), for appellant.
Castro Law, PLLC (John C. Castro, Esq.), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered June 17, 2014. The final judgment, after a nonjury trial, dismissed the petition in a summary proceeding brought pursuant to RPAPL 713 (5).




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment awarding possession to petitioner. 
In this summary proceeding commenced pursuant to RPAPL 713 (5) by a purchaser in foreclosure, petitioner appeals from a final judgment which, after a nonjury trial, dismissed the petition. The Civil Court found that landlord had failed to prove its case, as occupant had a valid lease and had not been named in the foreclosure action. The court held, accordingly, that occupant was not bound by the judgment of foreclosure. 
As the lease with the former owner upon which occupant's defense to this proceeding is based was signed several months after a notice of pendency had been filed in connection with the foreclosure action, occupant was, contrary to the Civil Court's holding, bound by the judgment of foreclosure (see CPLR 6501) and the lease was voidable by petitioner following its purchase in foreclosure (see id.; West 56th & 57th St. Corp. v Pearl, 242 AD2d 508 [1997]). Petitioner demonstrated that it had served a notice voiding the lease (see Matter of Fresh Meadows Jewish Ctr. [Gordon], 75 AD2d 814, 815 [1980]).
RPAPL 713 (5) allows for a special proceeding to be maintained after service of a 10-day [*2]notice to quit where "the property has been sold in foreclosure and either the deed delivered pursuant to such sale, or a copy of such deed, certified as provided in the civil practice law and rules, has been exhibited to" the respondent. Since, here, the lease was voided, not terminated, no landlord-tenant relationship ever existed between the parties. Thus, a proceeding pursuant to RPAPL 713 (5), not a holdover proceeding (RPAPL 711 [1]), was the appropriate proceeding for petitioner, a purchaser in foreclosure, to commence against occupant. As petitioner demonstrated that it had voided the lease; that it had exhibited the referee's deed to occupant's principal; that it had served a 10-day notice to quit; and that occupant had remained in possession of the subject property after the expiration of the 10-day period, petitioner is entitled to a final judgment of possession.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment awarding possession to petitioner.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017